DENNIS *v.* WRIGLEY.

1. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—PROVISION FOR TRANSPORTATION.

In exercising the discretion vested in the voters of a school district by Act No. 83, Pub. Acts 1909, § 20, subsec. 11, to discontinue school for a year, and providing that the "children resident therein shall be sent to another school or schools, and when such action has been taken the school board shall have authority to use any funds, except library funds, in the hands of the treasurer, to pay the tuition and transportation of all such children, and if necessary vote a tax for such purpose," the school board are bound to furnish transportation, and may determine the amount to be paid therefor: the performance of such duty may be enforced by mandamus.

2. STATUTORY CONSTRUCTION—PERMISSIVE OR DIRECTORY PROVISIONS—SCHOOLS AND SCHOOL DISTRICTS.

Merely permissive language employed in a statute may be construed as mandatory if public interest or protection to the rights of third parties, or the better interpretation of the enactment so requires.

Certiorari to Shiawassee; Miner, J. Submitted April 22, 1913. (Calendar No. 25,528.) Decided May 28, 1913.

Mandamus by George Dennis against Archibald Wrigley and other members of the school board of district No. 11, Caledonia and Shiawassee townships, Shiawassee county, to compel respondents to provide transportation for relator's children, under Act No. 83, Pub. Acts 1909. An order was entered granting the writ; respondents bring certiorari. Affirmed.

*John T. McCurdy* and *Leon F. Miner,* for relator.

*A. L. Chandler,* for respondents.

Brooke, J. Relator filed his petition in the circuit court against defendants, who are, respectively, director, assessor, and moderator of fractional school district No. 11 of Caledonia and Shiawassee townships, Shiawassee county, Mich. He shows that he is a resident of said school district and is the father of two children of school age, viz., Edith Dennis, nine years old, and Helen Dennis, seven years old. He further shows that at an adjourned annual meeting of the said school district it was resolved to close the school for a period of one year; that thereafter a majority of the school board acting for and on behalf of the school district made arrangements with school district No. 1 of Shiawassee township to provide school for such school children as were residents of said district No. 11; that the schoolhouse in district No. 11 is about one-half mile from his residence, while that in No. 1 is about two miles distant therefrom; that he applied to said school board for transportation for his children to and from district No. 1, which was refused. He prayed for a writ of mandamus to compel the board to furnish said transportation. Respondents answered said petition admitting, as alleged, the residence of the relator, the ages of the children, and, practically the relative distances of the two schoolhouses. They further answer:

"*Fourth.* Answering the allegations in paragraph 4 of said petition, these respondents deny that a majority of the school board acting for and on behalf of said district made arrangements with school district No. 1 of the township of Shiawassee to provide school for such children as were residents of said school district No. 11 fractional, but that the arrangements of said school board were not as set forth in said petition, but were as follows: That at the annual meeting of said school district, which was held on the second Monday of July, 1912, it was ascertained by the patrons of said district in the meeting then and there held that there would not, in all probability, be more

pupils to attend school in said district than those of said plaintiff, and that upon information and belief of these respondents the said plaintiff at that time was contemplating changing his location and residence, and that it was probable that even the children of said plaintiff would not be residents of the said school district for the ensuing year, or at least for a part of said school year; that the few children of school age belonging to said district, being about 6 or 7 in number, were to be sent away to school by their parents and guardians to Owosso or Corunna for the said ensuing school year; and that the advisability of conducting a school for said year was discussed at said regular meeting; and that said meeting was then adjourned for two weeks, at which adjourned meeting action was taken, and it was duly voted to close the school of said district for the ensuing school year; that about the middle of the month of September, 1912, in order to ascertain what the district desired to do with reference to providing schooling for plaintiff's children as aforesaid, the said school board called an informal meeting of the legally qualified voters of said district, which meeting was held, and a goodly number of the legally qualified voters of said district were in attendance; that a vote was taken at such meeting for the purpose of guiding and advising the said school board what, if anything, to do with reference to said children; and that the vote at said meeting was in favor of setting aside the sum of forty (40) dollars for the purpose of providing in part for the transportation for said children of plaintiff's for the school year, being a period of ten months; that, following said meeting and advisory vote as aforesaid, said school board went and made arrangements with said school district No. 1 of the township of Shiawassee as aforesaid for the payment of the tuition and for the privilege and permission of plaintiff's said children to attend said school, and also said school board in pursuance of the determination of said special meeting, not because they considered that they were legally bound so to do, or not because they considered it a duty capable of being lawfully performed by respondents, but simply for the purpose of avoiding trouble and possible litigation and as providing a gift for plaintiff, voted to set aside the sum of forty (40)

dollars to assist in defraying the expenses of the transportation of the plaintiff's said children to and from school district No. 1, as said plaintiff had been demanding five (5) dollars a week for such transportation and then afterwards came down to three (3) dollars a week and threatening to make trouble if not paid."

Upon a hearing the mandamus was issued as prayed. Respondents review this action by certiorari.

The law applicable to the case will be found in Act No. 83, Public Acts of 1909, § 20, subsec. 11 (4 How. Stat. [2d Ed.] § 9886). After conferring power upon the qualified voters of a school district to determine (within certain specified limitations) the length of time schools shall be taught, the section provides:

"*Provided,* that each school district may at an annual meeting vote to discontinue school in the district for the ensuing year and determine that the children resident therein shall be sent to another school or schools, and when such action has been taken the school board shall have authority to use any funds, except library funds, in the hands of the treasurer to pay the tuition and transportation of all such children, and if necessary vote a tax for such purpose."

It is the contention of respondents:

(1) That the law is not mandatory.
(2) If the law is mandatory, then the amount to be paid should be determined by the board.

The proviso as a whole is plainly permissible in character; but, if the school district exercises the power conferred to discontinue the school, we are of opinion that the duty to furnish tuition and transportation to resident pupils becomes mandatory.

The rule of construction is generally stated in 29 Cyc. p. 1432, as follows:

"Statutes imposing duties and conferring powers on officers are either mandatory or directory. Permissive words in a statute are construed as mandatory where the exercise of the power granted is necessary

to protect the. public interest or the rights of third persons."

In *Ex parte Banks*, 28 Ala. 28, it is said:

"The word '*may*' in a statute can *create a right;* that, whilst it is permissive merely, where the public or third persons have no interest in having it considered as imperative, yet it is peremptory, where it is used in a statute to clothe a public officer with power to do an act, which ought to be done for the sake of justice, or which concerns the public interest, or the rights of third persons. Conferring the power on the officer to do such act, *creates a right* in those for whose benefit the power was conferred; and they may insist on the execution of the power, as a duty, 'though the phraseology of the statute be permissive merely, and not peremptory.'"

Lewis' Sutherland Statutory Construction (2d Ed.), vol. 2, § 636, after laying down the rule practically as above stated, continues:

"A direction contained in a statute, though couched in merely permissive language, will not be construed as leaving compliance optional, when the good sense of the entire enactment requires its provisions to be deemed compulsory."

The Constitution, art. 11, § 1, provides:

"Religion, morality, and knowledge being necessary to good government and the happiness of mankind, schools and the means of education shall forever be encouraged."

This language is taken from the ordinance of 1787. The reassertion of this doctrine after the lapse of more than a century and a quarter, coupled with the fact that legislation in this State upon the subject of education has from the beginning been of the most liberal character, indicates a settled purpose on the part of the State to provide, foster, and protect educational facilities for all.

The Constitution, art. 11, § 9, provides:

"The legislature shall continue a system of primary schools, whereby every school district in the State shall provide for the education of its pupils without charge for tuition; and all instruction in such schools shall be conducted in the English language. If any school district shall neglect to maintain a school within its borders as prescribed by law for at least five months in each year, or to provide for the education of its pupils in another district or districts for an equal period, it shall be deprived for the ensuing year of its proportion of the primary school interest fund."

As to the history and growth of our educational system and the policy of the State in relation thereto, see *Stuart* v. *School District No. 1*, 30 Mich. 69.

Concerning the second point urged by respondents, it is sufficient to say that they undoubtedly possess the power to determine the amount to be paid for transportation. They are bound to furnish the transportation, and as an incident to the performance of this duty they are clothed with the necessary power.

The order of the circuit court is affirmed.

STEERE, C. J., and MOORE, McALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.