Allen,
 
 J.
 

 The record in this case fails to disclose in what kind of a school district the board of education of Harrison township functions. The record merely styles the board, “the board of education of Harrison township,” and the petition
 
 *138
 
 states that Harrison township in said Carroll county is an elementary school district. The statute, Section 4679, General Code, provides five kinds of school districts, namely: city school districts, exempted village school districts, village school districts, rural school districts and county school districts.
 

 From its geographical delimitation we assume that the board of education of Harrison township functions within a rural district. As the record does not disclose that fact, for the sake of differentiation in the following opinion, we shall call the board of education of Harrison township, the district board of education.
 

 The substantial legal question before us here is as follows:
 

 When a board of education has not provided high school branches within the district, can the county board of education in the county be compelled to transport children residing more than 4 miles from a high school to a high school 6 miles from their residence without the district, or can it be compelled to pay for board and lodging for such children who are forced to attend a high school 6 miles from their residence without the district?
 

 A right to enforce such action against the county board of education is claimed by relator to exist in his favor under Section 7610-1, General Code (109 O. L., 553), the pertinent part of which reads as follows:
 

 “If the board of education in a district * * * fails to provide sufficient school privileges for all the youth of school age in the district * * * the
 
 *139
 
 county board of education of the county to which such district belongs, upon being advised and satisfied thereof, shall perform any and all such duties or acts, in the same manner as the board of education by this title is authorized to perform them.”
 

 What are the school privileges contemplated by this act? That the privilege of going to a high school or of studying high school branches is one of the school privileges secured to the youth of Ohio is evident. High school teaching is established in the schools of Ohio by the state for all the children of the state.- Children of school age who have finished the elementary schools are required by law to continue their schooling. A child who is not afforded the opportunity to study high school branches, therefore, has been denied some of the school privileges offered to all of .the youth of the state under the general school law. General Code, Section 7575,
 
 et seq.
 

 Under Section 7610-1 the duty of the county board of education is measured by the duty of the board of education in the district. The county board is liable to provide “sufficient school privileges” only if the district board is under a duty to render such service and has failed, and if the county board is satisfied of such failure.
 

 It is admitted in this case by the answer of the county board of education of Carroll county that the district board has not transported the children in question to a high school nor provided for their board and lodging in Carrollton; nor provided high school work within the district. Within the terms of the above statute, then, the county board is satisfied of the failure of the district
 
 *140
 
 board to perform the obligation enjoined in Section 7610-1, if that obligation includes providing high school privileges for all the children in the district.
 

 It may be noted that neither the district board nor the county board objected to Masters sending his -children to the Carrollton high school; in fact, tuition for the children in Carrollton was acknowledged as a debt, and to that extent Masters’ choice of a school was ratified and approved by the district board.
 

 The legal question before us, then, is whether the district board of education was under a mandatory duty to perform such service. If so, not having performed its duty, the county board must perform the same service. This question involves the construction of the pertinent school statutes which read, in so far as relevant, as follows:
 

 Section 7762-6, General Code (109 O. L., 378):
 

 “Every child of compulsory school age who is not employed on an age and schooling certificate shall attend a public, private or parochial school under the conditions prescribed in Sections 7763, 7763-1, 7764, and 7764-1, General Code.”
 

 Section 7763 (109 O. L., 378):
 

 “Every parent, guardian or other person having charge of any child of compulsory school age who is not employed on an age and schooling certificate must send such child to a public, private or parochial school for the full time the school attended is in session, which shall in no case be for less than thirty-two weeks per school year. * * * Compulsory school age shall mean six to eighteen years
 
 *141
 
 of age [certain exceptions follow which do not apply in this ease].”
 

 Part of Section 7731 (109 O. L., 289):
 

 “The transportation * * * of pnpils who are pursuing high school branches shall be optional with the board of education, except as provided in Section 7749, General Code.”
 

 Section 7749 relates to districts in which the schools are centralized, and has no application here.
 

 Section 7731-4 (109 O. L., 290):
 

 “If a local board deems the transportation of certain children to school by school conveyance impracticable and is unable to secure what is deemed a reasonable offer for the transportation of such children the local board shall so report to the county board of education. If the county board of education deems such transportation by school conveyance practicable or the offers reasonable they shall so inform the local board and transportation shall be provided by such local board. If, however, the county board of education agrees with the view of the local board it shall be deemed compliance with the provisions of Sections 7730 and 7731, General Code, by such local board if such board agrees to pay the parent or other person in charge of the child or children for the transportation of such child or children to school [certain specified amounts to be paid follow]. * * * A failure of a parent or guardian to arrange to have his child transported to school, or his failure to have the child attend on the ground that the transportation is not supplied cannot be plead as an excuse for the failure of such parent or guardian to send such
 
 *142
 
 child to school or for the failure of the child to attend school.”
 

 Section 7749-2 (109 O. L., 290):
 

 “A board of education in a district which does not maintain a high school and which pays the tuition of a child resident of the district in a high school in another district, or a board of education which pays the tuition of a child resident of the district in a high school in another district of higher grade than that maintained in the given district may furnish the cost of such child’s room and board while attending such school or a part of such cost, provided such amount is less than the cost of transportation of such child and provided such action is approved by the county board of education.”
 

 Section 7764 (109 O. L., 380):
 

 '■ “The child in his attendance at school shall be subject to assignment by the principal of the private school or superintendent of schools as the case may be, to the class in elementary school, high school or other school, suited to his age and state of advancement and vocational interest, within the school district; or, if the schooling is not available within the district, without the school district, provided the child’s tuition is paid and provided further that transportation is furnished in case he lives more than two miles from the school, if elementary, or four miles from the school, if a high school or other school. The board of education of the district in which the child lives shall have power to furnish such transportation.”
 

 Section 7764-1 (109 O. L., 880):
 

 “Boards of education shall provide work in high
 
 *143
 
 school branches, as mentioned in Section 7648, General Code, at some school within four miles of the residence of each such child for those children of compulsory school age who have finished the ordinary grade school curriculum except those who live within four miles of a high school and those for whom transportation to a high school has been provided.”
 

 Upon the basis of the facts and statutes above set forth, the relator asks that a writ of mandamus issue commanding defendant either to provide transportation for his children of compulsory school age who have completed the elementary course in the public schools, and who live more than four miles from a high school, or to provide board and lodging for his children in Carrollton that they may attend the high school there. Relator is under a legal obligation to send his children to a public, private, or parochial school for not less than 32 weeks per school year, and claims that, if schooling is compulsory, it must be made accessible in the manner provided by law.' The defendant’s answer is that the methods provided by law for making the schools accessible are optional and not mandatory upon the board of education, and that the lack of funds is a defense.
 

 •Section 7764-1, General Code (109 O. L., 380), requires that boards of education shall provide high school work for pupils who have finished the elementary course, and who are within the- compulsory school age, except those who live within 4 miles of a high school and those for whom transportation to a high school has been provided.
 

 This obligation is mandatory. The section does
 
 *144
 
 not merely authorize boards of education to provide work in high school branches; it requires them to provide work in high school branches within 4 miles of the residence of every child who comes within the provisions of the section. The children of relator do not live within 4 miles of a high school, nor are they transported to a high school, and thus they fall within the provisions of the act.-
 

 Also, under Section 7610-1, General Code (109 O. L., 553), a mandatory duty rests upon the board of education in a district — in this case the board of education of Harrison township — to provide sufficient school privileges for all youth of school age in the district.
 

 As stated above, one of the school privileges to which all of the youth of school age in the district are entitled is to have work provided in high school branches, under Section 7764-1. This obligation is so mandatory that the Legislature provides that, if not performed by the board in the district, it shall be performed by the county board of education to which such district belongs.
 

 Coming now to consider how the above obligation to furnish high school branches is to be performed, we find that under the statutes the board of education in a district which has no high school may either (a) provide high school branches to be given to pupils of high school grade in an elementary school; (b) transport or pay for the transportation to a high school of pupils who are pursuing high school branches without the district; (c) pay the board and lodging of pupils who are pursuing high school branches outside of the district.
 

 ■ It is true that under Section 7731, G-eneral Code
 
 *145
 
 (109 O. L., 289), the transportation of pupils who are pursuing high school branches is optional with the board of education. It is true that under Section 7749-2 (109 O. L., 290), the payment of the cost of room and board upon the part of the board of education which pays the tuition of resident children in a high school in another district is optional. It is also true, as stated by the Court of Appeals, that it is left to the board to determine the manner of providing high school work for pupils of compulsory school age who have finished the elementary grade.
 

 In the opinion of this court, however, the fact that the board of education has an option in determining the manner of providing high school work does not give it an option to exercise none of the options 'provided, and thus to fail to furnish high school work to pupils who have completed the elementary course and are within the compulsory school age. In other words, the maimer of providing high school work is optional, the manner in which the high school work is to be made accessible to the pupils is optional; but the board of education of a school district has no option as to whether it will or will not furnish, or will or will not make accessible, high school work to pupils of the class contemplated. The mandatory duty rests upon the board of education, in one of the ways provided, to offer and furnish high school work, or to make it accessible to every pupil of compulsory school age in the district.
 

 We are well aware of those decisions which hold that a lawful discretion vested in an individual, officer, or corporation cannot be destroyed nor lim
 
 *146
 
 ited by a writ of mandamus. We hold that if the board of education had exercised any one of the options open to it in this case, mandamus would not lie. If it had chosen either to furnish high school branches within the district, or to transport these children to Carrollton, or to pay the father or person in charge for transportation, or to pay their board and lodging in Carrollton, this court holds that the board could not be compelled by mandamus to perform its duty in any other way than the one it had chosen. However, the board has completely failed to act upon the matter, and a complete failure to act can be controlled by mandamus.
 

 If, in matters involving discretion, the inferior officer or tribunal refuses to act
 
 in foto,
 
 mandamus will issue to move him to action, leaving him to determine what particular action he will take in the matter. 18 Ruling Case Law, 124, Section 38, and cases cited;
 
 Arberry
 
 v.
 
 Beavers,
 
 6 Tex., 458, 55 Am. Dec., 791; and
 
 Holloway, Com’r. of Patents,
 
 v.
 
 Whiteley,
 
 71 U. S. (4 Wall.), 522, 18 L. Ed., 335.
 

 It is the general rule that an officer may be compelled by mandamus to exercise his discretion (125 Am. St. Rep., 502, and cases cited); although mandamus will not issue to direct in what particular way such judgment or discretion shall be exercised.
 
 Huidekoper
 
 v.
 
 Hadley,
 
 177 Fed., 1, 100 C. C. A., 395, 40 L. R. A. (N. S.), 505.
 

 In the
 
 Huidekoper case,
 
 upon page 9 of 177 Fed., on page 403 of 100 C. C. A., 510 of 40 L. R. A. (N. S.), the court says:
 

 “The rule is well settled and fully recognized by
 
 *147
 
 us that when discretion is conferred upon public agents or officers their acts in the lawful exercise of that discretion cannot be controlled by mandamus. The rule is also well settled, that although the exercise of discretion will not be controlled by mandamus, yet the writ will lie to compel the person or the body in whom the discretion is lodged to proceed to its exercise.”
 

 We quote from
 
 Barnard, Atty. Gen.,
 
 v.
 
 Taggart,
 
 66 N. H., 362, at page 370, 29 Atl, 1027, 1031, 25 L. R. A., 613, 617:
 

 “It is insisted, however, that this was within the discretion of the common council, and so it was, but the discretion was to be exercised, and not withheld. It was also to be so exercised that the order and election ¡should be complete within the time provided. * * * ‘If the law requires a certain thing to be done, we may order it to be done by the party upon whom the obligation of doing it is imposed. If he is to act according to his discretion, and he will not act, or even consider the matter, we may compel him to put himself in motion to do the thing, but we cannot control his discretion.’ Best, J., in
 
 King
 
 v.
 
 Yorkshire,
 
 N. R. Justices, 2 Barn.
 
 & C.,
 
 286, 291.
 

 “ ‘Mandamus * * * extends to all cases of neglect to perform a legal duty, where there is no other adequate remedy. It applies to judicial as well as ministerial acts. If the duty be judicial, the mandate will be to the officers to exercise their official discretion or judgment without any direction as to the manner in which it shall be done. If it be ministerial, then the mandamus •will direct
 
 *148
 
 the specific act to be performed. * * * Were application made to county commissioners to estimate damages caused by the laying out of a railroad, turnpike, or common highway, the duty required of them would be a judicial duty. If they refused or neglected to perform it, this court would issue a mandamus commanding them to do it; that is, to exercise their judgment upon the matter.’
 
 Carpenter
 
 v.
 
 County Com’rs of Bristol County,
 
 21 Pick., 258, 259.”
 

 We hold, therefore, that the defendant may be compelled by mandamus to exercise one of the several options open to it to make high school branches accessible to the Masters children.
 

 The defendant, however, maintains that the lack of funds is a good defense; that as the district school board has no funds on hand, nor in the process of collection, and as no funds can be secured, because the maximum limit of taxation for school levies has been reached, the writ should not issue. This argument it advances upon the theory that when the writ would be nugatory or unavailing it should be denied. The record, however, shows that the board of education in Harrison township has never made application to the superintendent of public instruction for assistance in the operation of the schools in the district, looking toward financial relief, and that no proposition has been submitted within the past year to the electors for a vote to raise an additional levy for the purpose of securing funds for the operation of the schools. This could have been done under Sections 7575, 7595, 7596 and 7597, General Code (109 O. L., 148), which provide that the board of edu
 
 *149
 
 cation of any school district may apply to the superintendent of public instruction for participation in such fund. After an inspection of the schools and of the accounts of the board applying for relief, if the superintendent of public instruction is satisfied that adjustments in local school administration should be made, he may order such adjustments and changes to be made.
 

 After his orders have been complied with, the superintendent of public instruction is authorized to ascertain the probable amount required to supplement the revenues of such district in order to enable the board of education thereof to conduct the schools of the district, to certify the same to the auditor of state, and to draw his vouchers on the auditor of state for such sums as may be actually needed by the district.
 

 Under Sections 7575, 7595, 7596 and 7597, General Code, therefore, application could have been made by the district board of education for participation in the state equalization fund. No such application was made. Until such action is taken, the defense of lack of funds is not properly available to the board, since upon the facts it has not exhausted its financial remedies.
 

 The defendant also claims that the relator has an adequate remedy at law, arguing that relator has an action at law to recover the amount expended by him in furnishing the transportation.
 

 Without passing upon that specific proposition, we are of the opinion that, when the right sought to be conferred is that of having schools made accessible to children, the recovery of money a year afterward is not an adequate remedy.
 

 
 *150
 
 Since the board of education of Carroll county is satisfied of the nonperformance of these options by the board of education of Harrison township, and since the performance of some one of the options is mandatory, under 'Section 7610-1 mandamus will lie against the board of education of Carroll county to compel performance of the duty.
 

 In this case the petition prayed only that a writ of mandamus issue against the board of education of Carroll county, commanding it to furnish and provide transportation for Eobert Masters and Florence Masters to the high school at Carroll-ton, or commanding it to provide and furnish board and lodging for Eobert Masters and Flor ence Masters in the said Carrollton high school district. The petition did not pray that the county board be ordered to furnish high school branches within 4 miles of the residence of the Masters children. The prayer concluded by asking that such other order be made in the premises as justice might require.
 

 This prayer did not cover all of the options open to the defendant. Defendant is not limited to transporting the Masters children to Carrollton, nor to providing board and lodging for them in Carrollton. It could, under the statutes, provide high school branches in an elementary school in Harrison township within four miles of the Masters residence.
 

 As to offering high school branches, the petition alleges that high school branches have not been provided in Harrison township, and the answer admits that fact.
 

 It is so well established as to require no argu
 
 *151
 
 ment that the prayer of a petition cannot restrict the nature of the relief which the facts authorize. The fact that the plaintiff prays only partial relief will not prevent entire relief.
 
 Bloch
 
 v.
 
 Koch,
 
 1 Wkly. Law Bul., 91, 7 Dec. Rep., 54, affirmed
 
 Kock
 
 v.
 
 Bloch, 29
 
 Ohio St., 565;
 
 Riddle
 
 v.
 
 Roll,
 
 24 Ohio St., 572.
 

 Under a prayer for general relief, the court will shape its decree according to the equity of the case, and, properly speaking, will grant any relief warranted by the allegations of the bill. 21 Corpus Juris, 679. The allegations of the petition, as admitted by the answer, justify a decree herein relating to the providing of high school branches.
 

 It is the judgment of the court, therefore, that a writ of mandamus issue against the board of education of Carroll County, Ohio, commanding that board either to provide high school branches within four miles of the residence of Robert and Florence Masters, or to furnish and provide transportation for said Robert and Florence Masters from their residence in Harrison township, Carroll county, to the high school at Carrollton, or to provide and furnish board and lodging for Robert Masters and Florence Masters in the Carroll-ton high school district. Judgment reversed, and judgment for plaintiff in error.
 

 Judgment reversed.
 

 Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Day, JJ., concur.