Allen, J.
 

 By an error of the printer, the third paragraph of the syllabus in the case of
 
 State, ex rel. Masters,
 
 v.
 
 Beamer,
 
 109 Ohio St., 133, has been incorrectly published in that volume. The third paragraph of the syllabus, as printed in 109 Ohio St., 133, is as follows:
 

 “3. If a board of education in a district fails to provide sufficient school privileges for all the youth of school age in the district, including the privilege of having high school branches offered at
 
 *181
 
 some school within
 
 4
 
 miles of the district, including the privilege of having high school age ini the district, or of having such branches made accessible to such children by transportation to or board and lodging within a district which offers such high school branches, under Section 7610-1, General Code, a mandatory duty rests upon the county board of education of the county to which such district belongs to perform the acts necessary to provide such high school branches or to make the same accessible to all children of school age within the district.”
 

 As written and correctly published in the Ohio Law Reporter and in the Northeastern Reporter, (141 N. E., 851), the third paragraph of the syllabus in the
 
 Masters case
 
 is as follows:
 

 “(3) If a board of education in a district fails to provide sufficient school privileges for all the youth of school age in the district, including the privilege of having high school branches offered at some school within 4 miles of the residence of each and every child of compulsory school age in the district, or of having such branches made accessible to such children by transportation to or board and lodging within a district which offers such high school branches, under Section 7610-1, General Code, a mandatory duty rests upon the county board of education of the county to which such district belongs to perform the acts necessary to provide such high school branches or to make the same accessible to all children of school age within the district.”
 

 In the above paragraph of the syllabus in the
 
 Masters case
 
 this court held that it was the man
 
 *182
 
 datory duty of the local board of education, or, in case of the failure of the local board to perform its duties, the mandatory duty of the county board of education, either to provide work in high school branches at some school within 4 miles of the plaintiff’s residence, or to have such branches made accessible to the plaintiff’s children by transportation to, or board and lodging within, 4 miles of the school wherein such high school branches are offered. That case, therefore, while holding that the several duties enumerated were optional with the local and with the county board of education, held specifically that it was mandatory upon the local board, and, in case of its default, upon the county board of education, to perform one or the other of these duties.
 

 In the instant case the record shows that both the local board of education and the county board of education have refused to perform any one of the several optional duties resting upon them. The record discloses that the district in question did not provide high school work in high school branches within 4 miles of the residence of the plaintiff. The duty of providing such high school work is enjoined upon the local board by Section 7764-1, General Code. Since the local board has failed to provide these high school branches, the same duty, or the duty of making such high school work accessible to children of compulsory school age, is imposed upon the county board of education under Section 7610-1, General Code.
 

 This duty does not include that of furnishing the cost of room and board in Pandora, upon the facts in this immediate case, because the Riley
 
 *183
 
 township board of education does maintain a high school within this particular district; hence Section 7749-2, General Code, does mot apply. But the oouiity board of education is authorized under Section 7731, General Code, to transport the children to a school where high school branches are provided. If the township board fails to perform its mandatory duty under Section 7764-1, General Code, to provide work in high school branches within 4 miles of the residence of children of compulsory school age and of high school grade, the county board of education rests under a mandatory duty, either to provide such work in high school branches, or to make such work in high school branches accessible to the children by transportation. While the board of education has an option as to the method by which it will make high school branches accessible to school children in the district, it cannot, by refusing to exercise any one of the options, absolve itself from liability
 

 Plaintiff in error concedes that there is no contractual relationship existing between the school boards and the plaintiff in error, but contends that, under the familiar rule of
 
 quasi
 
 contracts, this action lies for money expended in transporting his 4 minor children to a high school outside of the 4-mile limit. With this contention we are in accord. The parent has discharged the obligation first of the local school board and next of the county school board. Moreover, this duty was imposed upon the board partly for the parent’s benefit, as well as for the benefit of the children and of the public. As the performance of that duty by another is a benefit to the school boards, when he performed
 
 *184
 
 the duty the parent conferred a benefit upon the school boards. For this benefit the school boards ought in justice to pay, and hence the intervener, that is, the parent who performed the duty, is entitled to compensation therefor.
 

 An act of beneficial intervention in the discharge of another’s legal obligation, which results in a
 
 quasi
 
 ¡contractual obligation, must contain the following elements: The obligation must be of such a nature that actual and prompt performance thereof is of grave public concern; the person upon whom the obligation rests must have failed or refused with knowledge of the facts to perform the obligation; or it must reasonably appear that it is impossible to perform it; and the person who intervenes must, under the circumstances, be not a mere intermeddler but a proper person to perform the duty. Woodward, Law of Quasi Contracts, p. 310';
 
 Forsyth
 
 v.
 
 Gansom,
 
 5 Wend. (N. Y.), 558, 21 Am. Dec., 241;
 
 Rundell
 
 v.
 
 Bentley,
 
 53 Hun. (N. Y.), 272, 6 N. Y. S., 609.
 

 It is plain that the actual performance of this duty of making high school branches accessible to children is a matter of grave public concern. It is of the utmost importance that the coming race receive school training. The moral sense of the community requires that this obligation be actually performed, and the school boards, upon whom the obligation rested, failed to perform the duty.
 

 Passing to' the question of the appropriateness of the intervention of the parent, the father was surely the proper person to perform the obligation. It is his obligation to see that his children attend school, and the fact that the transportation has not
 
 *185
 
 been supplied cannot be pleaded as an excuse for his failure to send such children to school, or as an excuse for the failure of the children to attend school. Section 7731-é, General Code (109 Ohio Laws, p. 290).
 

 The performance of this legal obligation was a benefit to the school boards because it saved them from the necessity of performing the duty themselves. Hence the retention of the benefit was inequitable, although there was no contract between the parties. It would be unjust to permit those who failed to perform a duty which was a matter of such public concern to retain the benefit bestowed upon them by the plaintiff in error.
 

 It is urged that, inasmuch as this court held in the
 
 Masters case, supra,
 
 that an action in mandamus lay upon the failure of the local board and of the county board to perform the duty of making high school branches accessible to children of school age, an action does not lie herein to collect reimbursement for the money expended by the relator in transporting his children to the high school. No authority has been cited upon this proposition, but the defendant in error contends that, since the right of mandamus was granted in the
 
 Masters case,
 
 necessarily no action for money exists herein.
 

 This specific question was reserved for decision in the
 
 Masters case.
 
 However, the plaintiff in error here is in quite a different position from the plaintiff in the
 
 Masters case.
 
 In the
 
 Masters case
 
 the parent was endeavoring to make a school board perform its duty. In this case the plaintiff in error has proceeded to perform the duty enjoined by statute upon the school boards. He, therefore,
 
 *186
 
 through no fault of his own, has been placed in a position where it would be futile to resort to mandamus. Under these circumstances the defendants in error cannot be heard to say that, because mandamus would have lain if the father had not transported his children, an action for money will not now lie.
 

 The defendants in error seem to consider that an action for money is an extraordinary action which does not lie if an action for mandamus could be brought under the circumstances of the
 
 Masters case.
 
 In other words, because mandamus is an extraordinary writ, the defendants in error apparently maintain that an action for money is an extraordinary remedy — surely a novel contention. Defendants in error, however, lose sight of the fact that, when the parent has actually transported his children, he can, of course, bring no action for mandamus to compel the school board to do the thing which he has done after their default. The fact that, at a little different stage in the proceedings, mandamus would lie is no answer to the argument of the plaintiff here that, when he has expended money, time, and effort in performing a duty enjoined by statute upon the boards, he is entitled to receive a money reimbursement.
 

 The demurrer will be overruled, and the judgment of the lower courts reversed.
 

 Judgment reversed-
 

 Marshall, '0. J., Matthias, Day, Kinkade and Robinson, JJ., concur.
 

 Jones, J., dissents from proposition 4 of the syllabus and from the judgment.