No. 948

BLACKFORD v. STROHM et

Ohio Appeals, 3rd Dist., Crawford Co.

No. 1076. Decided Oct. 22, 1925

1065. SCHOOLS AND SCHOOL DISTRICTS—Rural school district may make a reasonable contract as to transportation of pupils to another district in which there is a high school, without appealing to county board of education.

Frank Blackford and family resided in North Auburn Rural School District of Crawford County. His two minor children were of compulsory school age and eligible for high school work; but this school board provided no high school facilities within its district, nor was there within four miles of his residence, any high school available for his children.

Through some verbal understanding with some members of the board of education of the rural district, he started his children to high school in Tiro, an adjoining school district, over seven miles distant from his residence; he transporting them to and from school by his own conveyance. At a regular meeting of the board of the rural district, the board of education passed a regulation employing Blackford to transport his children back and forth from the Tiro high school and agreed to pay him therefor, $1.75 per day, for both children.

A written document was executed, as evidence of the contract, signed by three members of the board and also by Blackford, the president and clerk of the board refused to sign for reasons, among which were that the school board had no funds with which to pay the compensation.

Upon completition of the school year, Blackford rendered his bill for his compensation and with it, filed certificates required under the code, signed by the teacher certifying how many days the children had attended high school. Suit was brought in the Crawford Common Pleas against John Strohm and others of the Rural School District to recover on his claim. The court without intervention of a jury, entered judgment in favor of Strohm.

Error was prosecuted and it was claimed by Strohm that the contract was invalid because it was not signed by the president and clerk of the board, as required by 4757 GC. All that is said further in this section is that no contract shall be binding upon any board unless it is made or authorized at a regular or special meeting of such board. It was also claimed by the defense that the board of the rural school district had no authority to make a contract with the parent until the county board had first been appealed to by the rural board and the former had determined that the local board could not procure reasonable transportation contracts, and then in that event, Blackford would be required to haul at the rate specified in 7749-1 GC. The Court of Appeals held:

1. The contract was made and authorized

at a regular meeting of the board and passed upon by the requisite majority.

2. Section 7749-1 GC. does not in any way prohibit the rural board from making a reasonable contract with Blackford in the first instance, which was done in this case.

3. There was no question raised, either by the board nor during the trial of the case, that the contract entered into with Blackford was an unreasonable contract.

4. It being conceded that the contract was fully performed, the judgment of the court below should have been for Blackford in the amount sued for, unless the claim of the defense that the clerk should have first certified that the money was available to discharge the contract, and record, as a matter of fact the school board had no funds with which to pay the claim; is maintainable.

5. The first claim is disposed of by a reading of 5661 GC. which provides:—"All contracts, agreements, or obligations - - - - entered into or passed contrary to the provisions of the next proceeding section, shall be void, but such section shall not apply to the contracts authorized to be made - - - - - for employment of teachers, officers, and other school employees of boards of education."

6. The second claim is disposed of by the 4th syllabus of State ex v. Beamer, 109 OS. 133, which holds:—"A board of education which has not applied under Sections 7575, 7595, 7596, 7597 GC. for participation in the state equilization fund, can not plead lack of funds as a valid defense to an allegation of nonperformance of a duty made mandatory under the statute."

Judgment reversed.

Attorneys—Edward J. Myers, for Blackford; Clarence U. Ahl, for John Strohm et; both of Bucyrus.