Marshall, C. J.
 

 George Cox brought suit in the common pleas court of Vinton county, Ohio, in January, 1926, to recover from the board of education of Swan township, Vinton county, Ohio, the reasonable value of providing transportation for his son, Lloyd Cox, in attendance upon Swan township high school. The petition alleged the readiness of the son Lloyd for high school instruction, that plaintiff’s residence was a distance of more than four miles from said high school, and that he in fact attended high school for the years 1923-24 and 1924-25. It was also alleged that he requested and demanded that the township school board provide transportation, which it refused to do. The readiness for high school instruction, the distance from plaintiff’s residence to the high school, and the attendance upon the high school were not controverted. The only issues of fact were whether a request or demand had been made in advance of the school attendance and the amount and value of the transportation furnished.
 

 Section 7764-1 (109 Ohio Laws, 380), enacted in 1921, and which was not repealed until July 10, 1925 (111 Ohio Laws, 123), provided:
 

 “Boards of education shall provide work in high school branches, as mentioned in Section 7648, General Code, at some school within four miles of the
 
 *408
 
 residence of each such child for those children of compulsory school age who have finished the ordinary grade school curriculum except those who live within four miles of a high school and those for whom transportation to a high school has been provided.”
 

 As the law then stood, it is apparent that it was obligatory upon the township board to provide the transportation, and the court so charged.
 

 By former decisions of this court interpreting this and other related sections it is declared that a board of education has a choice of means, viz., that the board may either provide the high school instruction within a distance of four miles from the residence, or provide transportation, or provide board and lodging to the pupil near the high school.
 
 State, ex rel. Masters,
 
 v.
 
 Beamer,
 
 109 Ohio St., 133, 133 N. E., 851;
 
 Sommers
 
 v.
 
 Putnam County Board of Ed.,
 
 113 Ohio St., 177, 148 N. E., 682. The statute does not in terms require that any formal request or demand be made upon the board, but it must be apparent that there could be no opportunity to the school board to exercise a choice of means unless the matter were brought to the attention of the board by a request or demand. The trial court charged that the jury should determine as a question of fact whether or not any demand or request had been made by plaintiff, and that the jury should make such determination by a preponderance of the evidence. The court further charged:
 

 “Any knowledge on the part of the board by its president, clerk or member is sufficient to acquaint them with the duty to furnish such high school advantages.”
 

 
 *409
 
 And later in the charge added the following instruction :
 

 “But a very slight knowledge of the situation is sufficient to require the boards to act, for under the statute their duty is mandatory, to give school advantages to all of compulsory school age.”
 

 The record is meager and full of uncertainties and contradictions on the subject of request or demand. The plaintiff testified that he talked with two members of the board, Mr. Reynolds, the president, and Mr. Johnson, a member; that the conversation took place at the township fair in September of 1922. He further testified that he had talked to members of the board at various times, but did not testify definitely of any other conversations with members of the township board. There was no testimony of any request or demand having been brought to the attention of the board while the board was in session, or that any communication of any kind was delivered to the board while in session. Mr. Campbell was a member of the township board prior to January, 1923, at which time he removed from the township, and he testified on plaintiff’s behalf that the matter was discussed; but he did not say when or where, and did not say that it was ever “brought exactly before the board.” The difficulty about the testimony is that he ceased to be a member in January, 1923, and the son of plaintiff did not become eligible to high school instruction until the fall of that year. The plaintiff had not testified concerning any conversation with Mr. Campbell. Mr. Johnson, with whom plaintiff claimed to have had a conversation, was not called as a witness by either party. Mr. Reynolds, the
 
 *410
 
 president of the .hoard, testified for the defense and denied that there had ever at any time been any conversation about transportation, or any request or demand made for it until a letter was received on April 14, 1925, this being about the time plaintiff’s son terminated his attendance upon the high school. Giving the most favorable interpretation to the testimony of the plaintiff, and giving him the benefit of every inference to be drawn therefrom, it does not appear that the matter was ever brought to the attention of the school board, as a board, or that it was ever discussed by the board at any time when the board was in session. If, on the other hand, the jury believed the testimony of the president, Mr. Reynolds, it would be quite conclusive that no request or demand had ever been made until the end of the period when the transportation should have been furnished. On the other hand, the charge of the court permitted a recovery if the jury should find that there was a very slight knowledge of the situation on the part of the board, or a member thereof, or the clerk. If a slight knowledge of the situation on the part of the board or some member thereof creates the liability, and if it is unnecessary for the parent or pupil, to take some affirmative action to communicate the facts to the board, the entire matter of transportation of pupils is indeed chaotic. How slight the knowledge may be, or how it may be acquired, or how proved, would depend upon the circumstances of each case. Like any other legal subject, there should be a definite rule fixing liability, and it is difficult to see how any rule could be established which would give the board a choice of means unless at the same
 
 *411
 
 time the matter should be communicated to the board in such manner as to invoke official action. Under that charge the jury had no choice except to find a verdict for the plaintiff in some amount, because the plaintiff had testified to a conversation with Mr. Johnson, which was not disputed. The charge of the court on this point was therefore reversible error.
 

 In the course of the trial counsel for the defendant objected that the testimony as to the number of days that transportation was furnished was indefinite, and at the close of the trial, and before argument, made the following request to charge:
 

 “The court instructs the jury in this case that, before they can find a verdict for the plaintiff in this case, they must find definitely from a preponderance of the evidence in this case the number of days the said plaintiff transported his son Lloyd Cox to said high school.”
 

 The teacher furnished a certificate as to the number of days the son attended high school, but did not, of course, testify as to the manner of his traveling from his residence to the high school, and the only testimony as to the number of days that transportation was actually furnished was that offered by the plaintiff’s other witnesses, and that testimony was, at best, very indefinite. It was not error on the part of the court to refuse that instruction. There is no requirement that the plaintiff keep an accurate book account of the days and dates of furnishing transportation. Such an obligation is not imposed in other classes of cases, and no reason is apparent why such a strict rule should apply to a parent seeking to recover for the trans
 
 *412
 
 portation of his son to and from a high school. The jury are not dependent upon definite positive evidence of any issuable fact. The jury are only required to determine the probabilities from all the competent evidence offered. The special instruction that they must find “definitely” was therefore properly refused.
 

 For error in the charge as given, the judgment of the Court of Appeals must be reversed.
 

 Judgment reversed.
 

 Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.