By the Court.
This action originated in the court of common pleas of Henry county where the board of education of Stryker village school district brought suit against the board of education of Ridgeville township rural school district to recover a sum claimed to be due as tuition of Kenneth Rupp, a resident of the Ridgeville township rural school district, but who attended the Stryker High School. Upon the trial of the case the common pleas court found that there was no issue of fact presented by the evidence and directed the jury to return a verdict in favor of the plaintiff, *576 Upon proceedings in error the Court of Appeals reversed the judgment on the ground that error had been committed in directing a verdict, and remanded the cause for further proceedings.
A motion for an order to certify the record was allowed, and the case is now before this court for review.
The board of education of Ridgeville township rural school district filed a petition in error in the Supreme Court seeking reversal of that part of the judgment of the Court of Appeals which remanded the case. The board of education of Stryker village school district filed a cross-petition in error in the Supreme Court seeking a reversal of the judgment of the Court of Appeals and asking final judgment in favor of such cross-petitioner in error.
The home of Kenneth Rupp is in Ridgeville township, about six and one-half miles from the high school of that township and four miles from the Stryker village high school. He attended the latter high school for four years. The board of education of Ridgeville township rural school district was apprised of that fact, and was each year requested by the board of education of Stryker village school district to pay the tuition for such attendance. The board of education of the Ridgeville township rural school district refused to pay the tuition, but did not at any time furnish transportation for the pupil to the Ridgeville high school.
Under the provisions of Section 7748, G-eneral Code, the board of education of Ridgeville township rural school district was required either to provide transportation for this pupil to its own school or to pay his tuition to another high school. The pertinent provisions of that section are as follows: “A board of education may pay the tuition of all high school pupils residing more than four miles by the most direct route of public travel from the high school provided by the board when such pupils attend a nearer- Jiigh school, *577 or in lieu of paying such tuition the board of education may pay for the transportation to the high school maintained by the board of the pupils living more than four miles therefrom.”
Under the statute, the Eidgeville board of education has an option as to the method by which it will provide high school advantages for its pupils, but it can not, by refusing to exercise that option and declining to take any action, relieve itself from liability. It not having provided transportation it must pay tuition. Sommers v. Putnam County Board of Education, 113 Ohio St., 177, 148 N. E., 682. Section 7747, General Code, specifies the method to be followed in computing such tuition. The only evidence adduced upon the trial of the case with reference to such matter was to the effect that such tuition computed in accordance with the method thus prescribed was $117 per year. No evidence whatever was tendered with reference thereto by the defendant, and it was merely a matter of computation.
There was no prejudicial error in the action of the common pleas court. The judgment of the Court of Appeals is therefore reversed and that of the common pleas affirmed.

Judgment reversed.

Weygandt, C. J., Day, At,den, Stephenson, Jones and Matthias, JJ., concur.