Argued at Pendleton May 4; reversed June 14; rehearing denied
September 10, 1936

# RYSDAM *v.* SCHOOL DISTRICT NO. 67 OF UNION COUNTY

(58 P. (2d) 614)

*R. J. Green,* of La Grande (Green & Hess and Carl G. Helm, all of La Grande, on the brief), for appellant.

*E. R. Ringo,* of La Grande, for respondent.

CAMPBELL, C. J. School District No. 67 is a duly organized school district in Union county, Oregon. It adjoins School District No. 45, another duly organized school district in the same county. A school meeting was held in School District No. 67 on the — day of June, 1933. The notices calling said school meeting were duly and regularly posted according to law, by the clerk of the said school district. Said notices, calling said meeting, notified the electors of said district that the purpose of the meeting was for voting on the proposition of suspending the school in said district, and providing for the instruction of the pupils of said district, in the school in School District No. 45, School District No. 67 to pay their tuition but not to provide their transportation. These proposals were voted on by the duly qualified voters of said district and were adopted by a majority vote thereof at the meeting held pursuant to said notices.

The school in School District No. 67 was thereupon discontinued and a contract entered into with School District No. 45 to furnish instruction to the school children of School District No. 67 for the school year of 1933-1934. No provision was made for the transportation of the children of School District No. 67 to School District No. 45.

The same proceedings were taken at a meeting held on July 11, 1934, for the school year of 1934-1935.

Plaintiff is a resident of School District No. 67 and lives a distance of six miles, by the nearest travelled public highway, from the school in School District No. 45. During the school year of 1933-1934, he had two children of school age living with him at his home. During the school year of 1934-1935, he had three children of school age living with him at his home. At the commencement of each school year, he demanded that School District No. 67 furnish transportation for his children to the school in School District No. 45. This, School District No. 67 failed and refused to do. He thereupon furnished the transportation himself and began this action to recover reasonable compensation for his services in transporting his children to said school in the two schools.

For a second cause of action, he seeks to recover on an assigned claim under an identical state of facts with the exception that the assignor had only one child to whom transportation was furnished to school.

These facts are all set up in the plaintiff's complaint herein.

To this complaint School District No. 67 filed a demurrer on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff refusing to plead further, judgment was entered against him, dismissing his cause of action and for costs and disbursements. From that judgment, this appeal has been taken.

The question presented is: Can a duly organized school district suspend the operation of the school in its district and provide for the instruction of its pupils in another and adjoining district, by paying the tuition

for such pupils but refusing to provide for their transportation?

"The district school board of any legally organized district shall, when authorized by a majority vote of the legal voters present at any legally called school meeting, suspend the district school, * * * for such time as they may have been authorized, and arrange with any adjoining or other school district * * * during the time the school shall be suspended, for the instruction of the pupils of such district; and also provide for the transportation of any or all pupils residing therein to and from the schoolhouse in the district with which the arrangements for their instruction is made, and to pay for the amount of expense incurred in providing for the tuition, transportation or board of pupils in an adjoining or other district * * *. District school boards are hereby authorized to pay for the tuition, transportation or board of pupils, as provided for in this section, out of the common school fund of their respective districts, and when authorized by a majority vote of the legal voters present at any legally called school meeting, shall levy a tax upon the taxable property of their districts for the purpose of carrying out the provisions of this section." Oregon Code 1930, § 35-1125.

It will thus be seen, under the above statute, that in order to suspend school provision must be made: (1) For the instruction of said pupils in another district; (2) for the payment of tuition for the instruction of such pupils; (3) to provide transportation for said pupils to said school, or pay board for said pupils, while attending school in another district.

■ The above provisions are mandatory, and the school district can not, by vote or otherwise, avoid the discharge of a duty plainly imposed upon it: *Sommers v. Board of Education*, 113 Ohio St. 177 (148 N. E. 682). The notice calling the qualified voters together to suspend the school, and also to avoid paying transportation, was something the law does not permit.

■ It is unnecessary to pass on the legality of the suspension of the school. It was in fact suspended and the school district should be estopped to claim that it was not done according to law and thereby evade the obligation imposed by statute.

The transportation of school children to and from school is provided for in § 35-919, Oregon Code 1930, which, in effect, empowers the school directors, when authorized by the legally qualified voters of the district, at a legally called school meeting, to make provision for the transportation of children living at a distance from the said school to be fixed by the directors, or in lieu of transportation to have board and lodging furnished to such children within the minimum distance as so fixed. The minimum distance so fixed must be a reasonable distance, taking into consideration all the pertinent facts thereto. Section 35-920, Oregon Code 1930, provides the manner in which the transportation or the board and lodging of such pupils may be paid for; either out of the common school fund or, when authorized by the legal voters, out of a fund created by levying a tax in said district for that purpose. Authority for transportation of school children to a school outside the district in which they reside is provided for in § 35-921, Oregon Code 1930.

■ In the instant case, when the district voted to suspend school in School District No. 67 it also voted that transportation be not furnished, so that plaintiff was put on immediate notice that the district refused to furnish his children transportation to the school to which they were assigned. The plaintiff thereupon discharged a moral obligation that he owed to his children which was a legal obligation owed by the school district. It is the public policy of the state to

afford all children of school age a reasonable opportunity to attain, at least, a common school education.

In *Dennis v. Wrigley*, 175 Mich 621 (141 N. W. 605), a mandamus proceeding to compel the school directors to furnish transportation to the pupils of a suspended school district, the statute under consideration was quite similar to the Oregon statute [§ 35-1125, supra] and read as follows:

"Provided, that each school district may at an annual meeting vote to discontinue school in the district for the ensuing year and determine that the children resident therein shall be sent to another school or schools, and when such action has been taken the school board shall have authority to use any funds, except library funds, in the hands of the treasurer to pay the tuition and transportation of all such children, and if necessary vote a tax for such purpose."

The directors in that case had the authority to use any funds except library funds for the purpose of furnishing transportation or, if necessary, were authorized to levy a tax for that purpose. The court issued the writ.

The only distinction between that case and the instant case is that the mere suspension of the school authorized the directors to levy a tax. In this state, the directors can only levy a tax when authorized by the legal voters at a legally called school meeting. However, in this state, the directors are authorized to use that portion of the common school fund allotted to the school district: § 35-1125, supra; § 35-920, supra; chapter 168, Laws of Oregon 1933; and also the school district's share of the elementary school fund: Chapter 169, Laws of Oregon 1933.

■ It matters not whether we refer to plaintiff's right of action as on an implied contract or on a statu-

tory obligation, imposed on the school district and performed by plaintiff for the use and benefit of the school district. It was a quasi contract which the school district compelled the parent to perform, and that performance inured to the benefit of the school district. The school district, by suspending the school, placed the responsibility upon the parent to perform the obligation.

"An act of beneficial intervention in the discharge of another's legal obligation, which results in a quasi contractual obligation, must contain the following elements: The obligation must be of such a nature that actual and prompt performance thereof is of grave public concern; the person upon whom the obligation rests must have failed or refused with knowledge of the facts to perform the obligation; or it must reasonably appear that it is impossible to perform it; and the person who intervenes must, under the circumstances, be not a mere intermeddler but a proper person to perform the duty. Woodward, Law of Quasi Contracts, p. 310; Forsyth v. Ganson, 5 Wend. (N. Y.) 558, 21 Am. Dec. 241; Rundell v. Bentley, 53 Hun. (N. Y.) 272, 6 N. Y. S. 609." *Sommers v. Board of Education,* supra.

We believe that this is a wholesome rule to be applied to situation such as the one in the instant case.

The demurrer to the complaint should have been overruled. The judgment of the lower court is reversed and the cause remanded for such further proceedings not inconsistent herewith, and it is so ordered.

KELLY, RAND and BEAN, JJ., concur.