By the Court:
 

 This case came into this court as an appeal from the Court of Appeals of Cuyahoga county. The error complained of is based upon the action of that court wherein it overruled the application of the appellant for an order amending its notice of appeal from the Common Pleas Court to the Court of Appeals.
 

 
 *600
 
 In the action in the Court of Common Pleas, the plaintiff, The Jacques Company, had sought and secured a decree establishing a preferred claim in its favor against the Superintendent of Banks of Ohio in charge of the liquidation of the Guardian Trust Company, it having been found by the court that the deposit in question was' a special deposit in escrow; whereupon the Superintendent of Banks attempted to appeal to the Court of Appeals.
 

 His' notice of appeal stated that the appeal was on questions of law. The journal entry of the Court of Appeals shows that the matter of permitting an amendment of the notice of appeal so as to read “upon questions of law and fact” instead of “upon questions of law” was heard upon “evidence and the argument of counsel” and was overruled. The record discloses that the Court of Appeals then affirmed the judgment of the Court of Common Pleas upon the ground that there was no bill of exceptions. The appellant now seeks a reversal of the judgment of the Court of Appeals.
 

 Concededly there is no transcript of the evidence adduced upon the hearing in the Court of Appeals. The statute, Section 12223-5, General Code, authorizes the Court of Appeals to permit an amendment of the notice of appeal “in the furtherance of justice for good cause shown.” There having been no transcript of the evidence before the Court of Appeals, there is, of course, no bill of exceptions whereby this court may examine the action of the Court of Appeals and determine its validity or invalidity under the statute. Of necessity, therefore, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 "Weygandt,- C. J., Day, Zimmerman, "Williams, Myers, Matthias and Hart, JJ., concur.