RICE, APPELLEE, *v.* CAMPBELL ET AL., APPELLANTS.

(No. 6145—Decided July 27, 1942.)

*Mr. Robert H. Hinds,* for appellee.

*Mr. Carson Hoy, Mr. Frank M. Gusweiler* and *Mr. C. Watson Hover,* for appellants.

Ross, J. This matter was first presented to this court as an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton county, granting an injunction against the County Commissioners of Hamilton county and others.

Upon the oral argument, it was found that the court had not found in its entry of final judgment that the

cause was heard upon an agreed statement of facts alone, although it was freely admitted by both counsel that the cause was so heard and that the agreed statement of facts had been duly filed in the cause. No bill of exceptions was filed.

The defendant board then made an application to amend its appeal to provide for an appeal on questions of law and fact, and in the interest of justice, no appeal bond being required by law of defendants, such application was granted, such action being considered in accord with the spirit and sense of *Jacques Co. v. Squire, Supt. of Banks,* 135 Ohio St., 599, 21 N. E. (2d), 989, and *Couk v. Ocean Accident & Guarantee Corp.,* 138 Ohio St., 110, 33 N. E. (2d), 9.

We, therefore, proceed to consider the case as one upon questions of law and fact.

From the pleadings, it appears that this is an action brought by an individual, A. T. Rice, and in no representative capacity, seeking injunction against the County Commissioners of Hamilton county and others, by which injunction it is sought to prevent the commissioners of such county from granting permission to certain persons to tap a water line which Rice had offered to construct at his own expense in a county highway, under permission from the county commissioners, until such commissioners had required such applicant to pay to the county commissioners a proportionate part of the cost of installation of the main.

In the petition the plaintiff states that, on the 18th of November 1927, he was the owner of certain real estate situated on the north side of Section road in the county of Hamilton; that on such date he entered into an agreement with the Board of County Commissioners of Hamilton county, whereby the board agreed to construct an extension of a water main on plaintiff's real estate, along the right of way of Section road,

and plaintiff agreed to pay the entire cost of such construction, and the board agreed to permit taps to be made on such main for water service on the south side of Section road, upon payment by the party making application for such permit of a sum equal to the proportionate cost of the construction of such main; and, further, that upon payment by the party making the application for a water tap on the south side of Section road, the county of Hamilton agreed to reimburse the plaintiff for the proportionate cost of the construction of the main.

It is further alleged that the county of Hamilton constructed the main in accordance with the terms of such agreement and plaintiff paid the entire cost of construction.

And it is further alleged in the petition:

"For his cause of action plaintiff states that the said county engineer has issued permits for tapping said main without collecting the proportionate cost of the construction thereof and unless enjoined will issue more permits for tapping said main; and that said acts are contrary to the said agreement made between the plaintiff and the defendants and will operate to the irreparable damage of the plaintiff for which he has no adequate remedy at law."

The prayer of the petition is that the defendants may be enjoined from issuing permits for tapping such water main without collecting the proportionate cost thereof from the party making application for permit and for all other relief as may be proper and equitable.

The city of Cincinnati, later made a party, and the county commissioners and county engineer, were the parties defendant.

The defendants deny that plaintiff was the owner of the property in question, abutting on Section road on

November 18, 1927, and deny that plaintiff is now the owner thereof. They also deny the execution of the contract alleged, or that plaintiff is entitled to any compensation for the construction of the main. As a second defense, the defendants allege the contract set forth by plaintiff in his petition is void for want of capacity in the commissioners to enter into such agreement. The third defense is a general denial.

By stipulation of the parties, it is agreed that plaintiff was the beneficial owner of the premises, described to be on Section road, on the 10th of November 1927, that such property appeared on the records of Hamilton county in the name of Bertha Julia Rice, who held the property in trust for plaintiff, and that the trust agreement was unrecorded. The trust agreement is attached to the stipulation as an exhibit.

It is further stated that all owners of property, including the plaintiff, own the fee of such property to the center line of Section road, that the county of Hamilton has an easement over the right of way occupied by Section road, that on the 18th of November 1927 the plaintiff made an application to the commissioners for permission to construct a water main in the north half of Section road at his own cost, the county commissioners constructed such water main, that plaintiff paid the cost of construction, that such main now lies in the north half of Section road "on the land, the fee of a portion of which was owned by the plaintiff," and that permits to tap a portion of such main have been issued and it is anticipated requests to tap the portion of the water line in question will be made. The application of the plaintiff to the commissioners and their resolution thereon were also attached as exhibits to the stipulation.

From such resolution, it appears that the application of plaintiff to construct the main at his own cost was

approved, subject to certain conditions which included a specification to the effect that the construction and location of the main were subject to the approval of the sanitary engineering department of the county; that the county could connect with such main for extension purposes "without payment of any charge therefor"; that the county "may grant permission to tap said water supply line for domestic use upon the payment of a proportionate share of the cost of construction into the treasury of Hamilton county"; and that the main should be "subject to be acquired and taken over by Hamilton county under the provisions of the General Code."

The allegations in the petition that the county commissioners agreed to reimburse plaintiff for a proportionate amount of cost of construction of the main when the equivalent amount was paid by an applicant for permit to use water from the south side of Section road is not sustained by the stipulation, the only evidence submitted. No agreement to reimburse plaintiff is proved.

The resolution recites that the commissioners *may* require a payment of proportionate cost by the applicant for permit and that such sum is to be paid into the treasury of Hamilton county.

Even if there were a contract as plaintiff alleges and such contract was one lawful for the county commissioners to execute, the action of the plaintiff would be one at law for compensation under the terms of the contract. No contract providing a basis for such relief is in evidence. The case, in addition, was tried by election of the plaintiff as a chancery case for injunction.

It is agreed by the parties by admissions in the briefs that the plaintiff has now no interest, beneficial or otherwise, in the property north of Section road

abutting upon the part of the road in which the main is placed. It would seem, therefore, that the plaintiff has now at least no direct interest in the matter. How is any right he now possesses threatened? Where is there a menace of great and irreparable damage? He has parted with title to the property abutting on the road, he has shown no commitments which might embarrass him by action of his grantees, and his only apparent claim, the one he relies upon, is that of requiring the commissioners to collect money for privileges granted by them. They are not required by law so to do. The only basis for plaintiff's claim is that the commissioners passed a resolution stating that they may so charge. Even granting this action might be considered one in mandamus and that as a private citizen he might maintain such an action (*Brissel* v. *State, ex rel. McCammon,* 87 Ohio St., 154, 100 N. E., 348), the predicate for such an action does not exist. No statutory duty imposed upon the commissioners is ignored. *State, ex rel. Price, Atty. Genl.,* v. *Huwe,* 103 Ohio St., 546, 134 N. E., 456.

Laying aside such considerations, however, reference to the statutes pertinent to the powers of county commissioners over the water mains and water supply (Section 6602-17 *et seq.,* General Code) discloses no provision empowering the commissioners to make an agreement such as plaintiff contends was entered into. Such a contract would, as a matter of law, limit the future discretion of the commissioners and require them to impose a burden upon applicants for water service. Nor does the resolution, couched merely in permissive terms, amount to a published regulation as contended for by plaintiff.

Giving, then, his petition every reasonable, fair and favorable intendment (*Parletto* v. *Industrial Commis-*

*sion,* 140 Ohio St., 12, 42 N. E. [2d], 153), and in search for any relief which the factual allegations of the petition would justify (*Triff, Admx.,* v. *National Bronze & Aluminum Foundry Co.,* 135 Ohio St., 191, 20 N. E. [2d], 232; *Schaefer* v. *First National Bank,* 134 Ohio St., 511, 18 N. E. [2d], 263; *State, ex rel. Masters,* v. *Beamer,* 109 Ohio St., 133, 141 N. E., 851), we find no basis in the facts agreed upon for any relief upon any theory as the case has been presented.

He has not proved any contractual obligation on the part of the county entitling him to the payment of money. He has not sued in a representative capacity. He has shown no clear, legal duty imposed upon the defendants, which they are about to violate.

He has failed to show the imminence of irreparable injury to any right he possesses.

He admits by the position he is forced into by the facts alleged and proved that he has only an academic interest in the subject matter of the action.

For these reasons, judgment is here entered for the defendants and the petition of plaintiff is dismissed.

*Petition dismissed.*

MATTHEWS, P. J., concurs.

BY THE COURT. This cause comes on for hearing

upon the motion of the appellants for leave to amend their notice of appeal, so as to change it from a notice of appeal on questions of law only to one on questions of both law and fact.

Upon considering Section 12223-5, General Code, and the cases of *Jacques Co.* v. *Squire, Supt. of Banks,* 135 Ohio St., 599, 21 N. E. (2d), 989, and *Couk* v. *Ocean Accident & Guarantee Corp.,* 138 Ohio St., 110, 33 N. E. (2d), 9, we are of the opinion that this amendment would be in furtherance of justice and that the court should in the exercise of the discretion conferred upon it by that section permit the amendment.

The motion is therefore sustained.

*Motion sustained.*

MATTHEWS, P. J., and Ross, J., concur.