**BRUCKMAN, Plaintiff-Appellant, v. COOPER, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3844.   Decided July 31, 1945.

L. P. Henderson, Columbus, for plaintiff-appellant.
Estel O. Gifford, Columbus, for defendant-appellee.

**OPINION**

BY THE COURT:

Submitted on motion of the plaintiff-appellant for leave to amend the notice of appeal by stating that said appeal is upon questions of law and fact rather than upon questions of law.

The motion is not well taken for the following reasons:

1. The action was one for alienation of affections, which is not a law and fact case, and to allow this amendment would in effect amount to granting permission to file a sham pleading.

2. The motion for a new trial was overruled and judgment rendered on May 22, 1945. No appeal bond was given within twenty days of the entry of this final order as required by §12223-6 GC, which provides that no appeal is effective as an appeal upon questions of law and fact unless and until the order, judgment or decree appealed from is superseded by a bond.

The record discloses that no appeal bond has been filed up to this time.

The case of **Rice v Campbell, 38 Abs 176, 50 N. E. (2d), 430,** cited by the appellant, is not applicable, for the Court stated that the case was one in which no appeal bond was required. **Sec. 12223-12 GC** provides that executors, administrators and certain other officers who have given bond in this state with surety according to law shall not be required to give an appeal bond. The case at bar does not come within any of the exceptions enumerated, and an appeal bond must be filed within twenty days from the final order appealed from to make an appeal upon questions of law and fact effective.

The motion is overruled.

HORNBECK, P. J. GEIGER and MILLER, JJ., concur.