Weygandt, C. J.
 

 The first contention of the company is that the allegations of the amended petition state a cause of action in. neither tort nor contract. To this the plaintiff replies that his action is for breach of contract, although certain charges of negligence are made. In response to this it is urged by the company that the allegations relating to a contract are mere conclusions and therefore insufficient. An examination of the amended petition does disclose the phrase, “plaintiff entered into an agreement”, but in addition to this it is averred in detail that the contract required the doing of specific acts which the company failed to perform, and no motion to strike out or to make definite and certain has been filed. Furthermore, it must be remembered that for the purpose of testing the legal sufficiency of a pleading a demurrer admits not only the proper, well-pleaded, factual allegations thereof, but also the fair, reasonable and favorable intendments and inferences arising therefrom. That the
 
 *204
 
 plaintiff may or may not be able to produce the necessary proof when Ms case comes to trial is, of course, wholly immaterial at this time.
 

 The company further insists that there can be no liability under the alleged contract inasmuch as no policy was ever delivered to plaintiff’s brother Emil. Furthermore, the petition does not state whether the contract was oral or written, but in his brief the plaintiff cites authorities sustaining the validity of oral contracts of insurance. However, these questions present no difficulty in view of the well-settled Ohio rule that a policy is only evidence of the contract, and the latter may be shown by parol when the policy has not been written or is withheld, unless such contract is forbidden by statute or a provision of the company’s charter which is brought to the notice of the other contracting párty.
 
 Newark Machine Co.
 
 v.
 
 Kenton Ins.
 
 Co., 50 Ohio St., 549, 35 N. E., 1060, 22 L. R. A., 768; 22 Ohio Jurisprudence, 318; 14 Ruling Case Law, 880.
 

 The company further complains that the amended petition contains no recital as to payment of the iMtial premium. This, too, is a matter of evidence rather than of pleading, for the reason that pre-payment of the first premium on a policy of insurance is not always a condition precedent to the commencement of the risk. 22 Ohio Jurisprudence, 322; 14 Ruling Case Law, 957.
 

 The remaining contention of the company is that the plaintiff did not have legal capacity to sue, because if any cause of action arose in this case it was in tort and in favor of the administrator of the deceased, and not in favor of the plaintiff as the surviving beneficiary. Again it must be remembered that this cause of action is based upon the theory of contract rather than tort. Furthermore, it must be observed that the alleged contract is an unusual one. This is not the ordinary type of action brought for failure to perform a contract providing for the issuance and delivery of
 
 *205
 
 a single policy of insurance upon the life of hut one individual, as in the cases cited by the company. Rather it is an action predicated upon the breach of a tripartite agreement involving the issuance and delivery of a separate policy of insurance upon the life of each of two persons, but for their mutual benefit. Under these circumstances it is apparent that the contract in question is one to which the plaintiff is himself a party and upon which he therefore may sue in his own right and name.
 

 In conformity with the foregoing views the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Stephenson, Bevis and Zimmerman, JJ., concur.
 

 Allen, J., not participating.