Turner, J.
 

 Defendant was content to rely upon its demurrer without having first filed a motion to the petition and without answering and going to trial upon the petition after the demurrer had been overruled.
 

 As we said^ in the case of
 
 Goodman
 
 v.
 
 Industrial
 
 
 *15
 

 Commission,
 
 135 Ohio St., 81, 82, 19 N. E. (2d), 508, and repeated in other cases:
 

 “It hardly seems necessary to remark that in cases of this general type the peculiar facts of the individual case are largely controlling.”
 

 While, as stated by the Court of Appeals, the petition is subject to criticism, it cannot be said with finality that it does not contain sufficient allegations to justify the admission of evidence to show a compensable claim. However, its margin of safety is so narrow that it should not be used as a model. Had the case come to trial, it might have required an amendment to conform the petition to the proof or to insert other allegations material to the case, and such amendment would have rested in the sound discretion of the trial court. The purpose of such petition was to secure a review by the Court of Common Pleas of the finding of the Industrial Commission.
 

 The sole issue in a workmen’s compensation case is the right of the claimant to participate or to continue to participate in the state insurance fund. Section 1465-90, General Code.
 

 While Section 1465-90, General Code, provides that a claimant for workmen’s compensation may file a petition in the Common Pleas Court, the Code does not prescribe what such petition shall contain. We interpret this provision to require a petition to contain allegations of ultimate facts which show the claimant to be entitled to participate or to continue to participate in the state insurance fund. In other words, the petition should be the standard for the introduction or rejection in the Common Pleas Court of the evidence contained in the transcript of the record of rehearing, whether such evidence was received or merely offered at the rehearing.
 

 Section 11345, General Code, provides:
 

 “The allegations of a pleading shall be liberally
 
 *16
 
 construed., ■ with a view to substantial justice between the parties.”
 

 Under Section 11363, General Code, the trial court may, in the furtherance of justice, permit the amendment of a pleading before or after judgment “by inserting other allegations material to the case.”
 

 In the case of
 
 Guardian Life Ins. Co. of America
 
 v.
 
 Veser,
 
 128 Ohio St., 200, 190 N. E., 405, we held:
 

 “For the purpose of testing the legal sufficiency of a pleading, a demurrer admits not only the proper and well-pleaded factual allegations thereof, but also the ■fair, reasonable and favorable intendments and inferences arising therefrom.”
 

 ■ In the instant case, there is raised for the first time .the effect of the recent amendment to Section 1465-68, General Code, whereby there was added, effective July 10, 1937:
 

 “The term ‘injury’ as used in this section and in the Workmen’s Compensation Act shall include any injury received in the course of, and arising out of, the injured employee’s employment.”
 

 Appellee, while claiming that his petition is sufficiently broad to show a compensable injury under the holdings of this court, contends that the amendment has modified our previous definition of compensable injury.
 

 On behalf of appellant,-it is contended that the only effect of the amendment is to codify our earlier definition of compensable injury.
 

 As we hold that a compensable injury as heretofore defined by this court may have been shown under the petition, and as there is no record with medical and other evidence to guide us, we shall defer passing upon the amendment until it is' necessarily and squarely involved. In any event, our holding here is not inconsistent with the amendment.
 

 The real point that appellant attempts to make is that all inguinal hernia cases develop gradually from
 
 *17
 
 congenital conditions and, therefore, call for the allegation in the petition of special facts and circumstances to show such case to he compensable. While recognizing that an inguinal hernia due to congenital conditions may occur in the course of an employee’s ordinary work done in the usual or ordinary way without extraordinary effort, we are not prepared to say as a matter of law that hernia may not occur as a result of a tearing due to unusual or extraordinary effort.
 

 For the foregoing reasons, the judgment below must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams and Hart, JJ., concur. Zimmerman and Bettman, JJ., not participating.