**UNION PROPERTIES, INC., v McHENRY**

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6171. Decided July 27, 1942.

Frank J. Richter, Cincinnati, for appellant.

James A. McDonald, Cincinnati, and Richard T. Carroll, Cincinnati, for appellee.

## OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the court of common pleas of Hamilton county. The trial court sustained a demurrer to the amended petition. The plaintiff refused to plead further. The court dismissed the amended petition and rendered judgment for defendant for costs.

The question presented requires us to determine whether a cause of action is stated in the amended petition.

In such pleading the plaintiff states:

"The defendant on the 11th day of August, 1930 executed and delivered to Otis and Company a promissory note of that date, a true copy of which is hereto attached marked Exhibit A and made a part of this petition.

Said note is unpaid and there is now due the plaintiff on said note the sum of Seventy-seven Thousand Three Hundred Sixty-two and 11/100 ($77,362.11) Dollars in accordance with statement hereto attached marked Exhibit B and made a part of this petition.

WHEREFORE plaintiff prays judgment against said defendant for the sum of Seventy-seven Thousand Three Hundred Sixty-two and 11/100 ($77,362.11) Dollars."

Attached to the amended petition is a photostatic copy of an instrument entitled "Promissory Note * Due On Demand". On the reverse side of the copy in typewriting appears:

"Pay to order of The Union Trust Co., without recourse.

Otis & Co.
By C. S. Gotz
A Partner

Pay to the order of Union Properties, Inc.

A. S. Squire, Superintendent of Banks in charge of liquidation of

The Union Trust Company, Cleveland, Ohio
By Dan A. Hart
Special Deputy Superintendent of Banks.

Without recourse or warranty. Said endorsee and all subsequent holders waive all warranties imposed upon the last above named endorser by law. O. K."

A photostatic copy of such endorsements also appears in the papers as having been filed. Neither of these copies carries any mark identifying it as an exhibit of the amended petition. Attached also to the amended petition are three pages of an account of "Otis & Co. with Dr. Lee McHenry, 4018 Harrison Ave., Cincinnati, Ohio". This is marked Exhibit B.

We approach a determination as to the effect of the pleading and its attached exhibits with full knowledge that we are required to give it a liberal construction and extend to it every fair, reasonable and favorable intendment. Sec. 11345 GC; Parletto v Industrial Commission of Ohio, 140 Oh St 12; Guardian Life Ins. Co. v Veser, 128 Oh St 200.

The general common law is stated in State of Ohio, etc. v Collins, et al., 82 Ohio St 240, at page 248:

"The rule upon the subject was precisely stated by Judge Cholson in Lynd & Morton v Caylor, 1 Handy, 576: 'Except in the cases specially authorized by the code,

each petition should embody in itself, and without reference to any other paper or exhibit, the facts which constitute the cause of action.' Crawford & Morrison v Satterfield, 27 Oh St 421."

Section 11333 GC, provides:

"When the action, counter-claim, or set-off is founded on an account or on a written instrument as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading. If not so attached and filed, the reason for the omission must be stated in the pleading."

Section 11334 GC, provides:

"In an action, counter-claim, or set-off, founded upon an account, or upon an instrument for the unconditional payment of money only, it shall be sufficient for a party to set forth a copy of the account or instrument, with all credits and the indorsements thereon, and to state that there is due to him, on such account or instrument, from the adverse party, a specified sum which he claims, with interest. When others than the makers of a promissory note, or the acceptors of a bill of exchange, are parties, the facts which fix their liability also must be stated."

In 31 O. Jur. §89 at page 640 is:

"A statutory exception is made to the general rule that the facts necessary to constitute a cause of action must be stated in the body of the petition, in the case of actions founded upon accounts and written instruments for the unconditional payment of money. In such actions the Code authorizes what is termed a short form of pleading obviating the necessity of many statements in the petition

which, aside from the statute, would be essential."

Section 90, 31 O. Jur. pages 641 and 642 contains the following statement:

"By express terms, actions on accounts and instruments for the unconditional payment of money are embraced in the statute. The statute is limited in its operation to such instruments. Originally, by express terms, promissory notes and bills of exchange were included therein. Though not expressly mentioned in the present form of the statute, they are clearly within the meaning of instruments 'for the unconditional payment of money;' in fact, such instruments illustrate the most frequent application of the statute."

And the same author at page 574, § 38, states:

"However, copies of instruments attached to pleadings and exhibits do not and cannot become a part of the pleadings, even though it is so stated in the pleadings, so as to cure defects and allegations made in the pleadings, or to aid them when attacked by demurrer because of their insufficiency, unless the action is one on an instrument for the unconditional payment of money only, within the meaning of §11334 GC."

See also 31 O. Jur. p. 650; Buffalo Forge Co. v Cleveland Steam Fitting & Supply Co., 82 Oh St, 199, 206.

It is the contention of the defendant demurrant in the trial court that the instrument, photostatic copy of which appears attached to the amended petition is not "an instrument for the unconditional payment of money only",

and, hence, may not be attached to the pleading as an exhibit, thus rendering the amended petition defective in the absence of necessary allegations dispensed with by the provisions of §11334 GC, in a proper case.

It is further claimed that the plaintiff has failed to allege any breach of the condition mentioned in the note or how and when the right to declare the balance due accrued.

Is the instrument one for the unconditional payment of money only?

This requirement is not to be confused with the characteristic of negotiability. The only pertinent requirement of §11334 GC, is that the instrument sued upon shall be one providing for the **unconditional payment of money only.**

Did the instrument in question so provide?

In specific terms the instrument provides that the maker on demand will pay to Otis & Co. $77,-127.59, with interest at the rate of 6% per annum "payable monthly on the first day of each month. Then appears provisions dealing with the security for the debt, none of which impairs the unconditional promise to pay noted. (§8110 GC.) The cognovit feature inserted is not a condition affecting payment. Such feature of the note only applies to the means of collecting same. (§8110 GC.) The clause principally relied upon by defendant as constituting a condition affecting payment of money is that "In consideration of the acceptance of this note by Otis & Co., I hereby agree to pay not less than the best can do Dollars on the first day of each month." This condition it is claimed consists in leaving the payment of the note solely dependent upon the ability of the maker to pay.

Can it be reasonably maintained that this tied the hands of the payee, so that at any time demand could not be made upon the maker for the entire sum? Such a modification of the clear language used providing for demand does not appear. The monthly payment clause is an added stipulation, not a limitation upon the demand feature of the note. It evidently does not constitute a condition affecting payment. Thus concluding, the document does constitute an instrument for the unconditional payment of money only.

In **Shemonia v Verda, 24 Oh Ap 246,** the syllabus is:

"A signed and delivered written instrument, as follows: 'Cleveland, Ohio, January 2, 1924. I borrowed money from Petros Shemonia, the sum of five hundred dollars ($500.00) with 4 per cent. interest. The borrowed money ought to be paid within four months from above date. Vassili Malik Verda'— is an instrument for the unconditional payment of money only, within the meaning of §11334 GC."

In **State Trade Corp. v Tobias Studio, 64 Oh Ap 516,** the first paragraph of the syllabus is:

"A trade acceptance in the usual form, except for a recital that 'the obligation of the acceptor thereof arises out of the purchase of goods from the drawer, maturity being in conformity with the original terms of purchase' is 'an instrument for the unconditional payment of money only' as that phrase is used in §11334 GC, and a cause of action on such instrument may be pleaded in the manner therein provided."

It is also claimed that the incorporation of the instrument by reference as an exhibit does not carry a reference and incorporation of the indorsements thereon and, hence, there is no allegation in the amended petition showing how title to the instrument passed from the payee to the plaintiff.

Again referring to §11334 GC, it is stated "it shall be sufficient for a party to set forth a copy of the account or instrument with all the credits or indorsements thereon." The instrument in question complies with the statute and the indorsements evidence the title of the plaintiff.

While a more specific reference to such indorsements might well be required of the pleader, upon motion to make definite and certain as against a demurrer, the allegations now contained are sufficient.

The account attached is an admission against the interest of the plaintiff and it is difficult to see how the defendant is injured thereby. Certainly, a less amount than that mentioned in the note might be sued for.

For the reasons stated, the judgment of the trial court is reversed and the case remanded to that court for further proceedings in accordance with law and this opinion.

MATTHEWS, PJ., concurs.