BROWN, et, Plaintiff-Appellee, v. FRANZ, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4128. Decided October 4, 1948.

Wiles & Doucher, Columbus, for plaintiff-appellee.
Benoy & Sebastian, Columbus, for defendant-appellant.

## OPINION

By WISEMAN, PJ.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio, affirming a judgment. for the plaintiff rendered by the Municipal Court of Columbus.

The action was one for damages growing out of a collision between the motor vehicles owned by the plaintiff and defendant at the intersection of Rich and Pearl Streets in the city of Columbus. Rich Street extends in an easterly and westerly direction and Pearl Street in a northerly and southerly direction. Plaintiff's motor vehicle was being operated in a northerly direction on Pearl Street and the defendant's motor was being operated in an easterly direction on Rich Street. The collision occurred in the intersection.

Defendant-appellant has assigned four grounds of error. The contention is made that the judgment is not sustained by sufficient evidence and is contrary to law. The contention is based on the appellant's claim that he was entitled to the right of way at the intersection.

The plaintiff being on defendant's right at said intersection was entitled to the right of way (§6307-40 GC), unless. Rich Street is found to be a through highway in which event vehicles operating on Pearl Street would be required to yield the right of way to vehicles on Rich Street. **Sec. 6307-63a GC,.** provides as follows:

"All state routes and all sections of streets and highways: on which are operated street cars, trackless trolleys and other electric cars, or motor coaches for carrying passengers for hire along a fixed or regular route under authority granted by the municipal corporation in which such route lies, are hereby designated as through highways provided that stop signs shall be erected at all intersections with such through, highways by the state highway department as to highways. under its jurisdiction and by local authorities as to highways under their jurisdiction; provided, however, that where two or more through highways intersect and no traffic control signal is in operation stop signs shall be erected at one or more entrances thereto by the department or local authorities having jurisdiction."

It is conceded that Rich Street at the point of collision was designated as an established route for the operation of motor coaches for conveying passengers for hire by ordinance of the

City of Columbus. On the question as to whether a stop sign had been erected on Pearl Street the evidence was in conflict. The trial court resolved this issue in favor of the plaintiff and found that a stop sign had not been erected. We do not find this conclusion was against the manifest weight of the evidence.

The plaintiff contends that since the stop sign had not been erected the statutory requirement for the establishment of Rich Street as a through highway had not been met. The defendant contends that the erection of stop signs is not a prerequisite to establishing a through highway under §6307-63a GC. In support of defendant's contention it is pointed out that the last clause in §6307-63a GC provides:

"Where two or more through highways intersect and no traffic control signal is in operation stop signs shall be erected at one or more entrances thereto by the department or local authorities having jurisdiction."

It is urged that since stop signs may be erected at only "one or more entrances" rather than at every entrance, this provision shows a legislative intent that streets may be established as through highways without the necessity of erecting stop signs. We are not able to draw from this provision such intent. Manifestly, the Legislature intended to provide what may be done when two or more legally established through highways intersect. A superior right may be given vehicles on one through highway over vehicles on another intersecting through highway by the erection of a stop sign.

We conclude that the words: "provided that stop signs shall be erected at all intersections with such through highways" as used in the first clause in §6307-63a GC, imposes a condition which must be met in the establishment of a through highway. To construe this statute in the manner as contended for by the defendant would require the court to ignore this provision and give it no force or effect. It was not intended by the Legislature that through highways could be established with or without the erection of stop signs. Such a situation, if it were permitted to exist, would certainly confuse the operators of motor vehicles as to their rights at intersections.

The fact that Pearl Street is a less travelled street than Rich Street is of no consequence. We are not required to determine whether the Legislature acted wisely in enacting this provision. We interpret the statute as we find it.

In **Bartlett v. McDonald,** 59 Oh Ap 85, it was held:

"A street designated by city ordinance as a main thoroughfare does not become a main thoroughfare with the attendant right of way until the appropriate stop signs have been erected on the intersecting streets as required by §6310-32 GC."

See also, **Connors v. Dobbs, 77 Oh Ap 247,** and **Insurance Company v. Smith, 34 O. O. 392.**

In Bartlett v. McDonald the Court had before it the construction of §6310-32 GC, the substance of which was carried into §6307-63a GC. Sec. 6310-32 GC, provided as follows:

"Local authorities shall have the right to designate by ordinance or resolution additional main thoroughfares and to designate what vehicles shall have the right of way at intersections of main thoroughfares; provided, however, that legible and appropriate signs be erected along the roads and highways intersecting such main thoroughfares, and that such signs outside the corporate limits of a municipality, shall not be nearer than one hundred feet from such intersection."

The manner in which the proviso clause is set forth in the present section (§6307-63a GC), and the fact that it is not separated from the other portion of the section by any punctuation marks strengthens our conclusion that the proviso clause is a definite condition and limitation upon the establishment of a thoroughfare.

Construing §6307-63a GC, as we do, the driver of a motor vehicle proceeding in an easterly direction on Rich Street would be entitled to the right of way over the driver of a motor vehicle proceeding in a northerly direction on Pearl Street, only if a stop sign had been erected on Pearl Street. There being no stop sign erected, the plaintiff, being on the defendant's right, was entitled to the right of way.

Finding no error in the record, the judgment is affirmed.

MILLER and HORNBECK, JJ, concur.