BRUCKMANN, APPELLANT, *v.* BRUCKMANN ET AL., APPELLEES.

(No. 7453—Decided June 25, 1951.)

*Mr. Sol Goodman,* for appellant.
*Mr. John C. Taylor, Mr. Walter E. Beckjord,* and *Messrs. Peck, Shaffer & Williams,* for appellees.

Ross, J. Considered here is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, sustaining a motion of the defendants for judgment on the pleadings which consisted of an amended petition, amended answer, and a reply, the latter modified by a stipulation of the parties amounting to an amendment of such reply. Such

a motion for judgment on the pleadings has long been construed to be, in effect, a demurrer by the defendant to the allegations in the pleadings favorable to the plaintiff. 31 Ohio Jurisprudence, 881, 882, 883, "Pleading," Sections 289, 290.

It has also been repeatedly held that upon such motion the court is required to extend to the plaintiff the benefit of a construction of all allegations in the pleadings, most favorably to him, and that, by such motion, the defendant admits "not only the proper and well-pleaded factual allegations thereof, but also the fair, reasonable and favorable intendments and inferences arising therefrom." *Guardian Life Ins. Co. of America* v. *Veser,* 128 Ohio St., 200, 190 N. E., 405; *Gugle* v. *Loeser,* 143 Ohio St., 362, 55 N. E. (2d), 580.

The plaintiff is entitled also to a similar construction of the allegations of the answer which are not denied. *Williams* v. *Village of Deer Park,* 78 Ohio App., 231, 60 N. E. (2d), 536; 31 Ohio Jurisprudence, 883, "Pleading," Section 290.

In the amended petition it is alleged:

"For a cause of action, plaintiff states that Henry A. Bruckmann died on or about May 14, 1901, leaving a will recorded in will book 81, page 319, of the records in the office of the Probate Court of Hamilton County, Ohio. Plaintiff states that among other things the will provided that the estate of said Henry A. Bruckmann be devised to defendant, Lena M. Bruckmann, in trust for her use and for the maintenance and support of the children, consisting of plaintiff and his brothers and sister.

"Plaintiff states that at the time of the death of his father the oldest of said children was thirteen (13) years of age. The defendant, Lena M. Bruckmann, qualified and was appointed as executrix under said will and entered into the administration of said estate.

She continued to act as such until January 12, 1917, at which time it was agreed, among plaintiff and defendants, that said estate would be transferred to the defendant, Lena M. Bruckmann, who was to make use of so much, or all, thereof for her own needs and that she would then, either during the lifetime of said children, or upon her death, make equal distribution among all the children. Plaintiff states that pursuant to said oral agreement and in order to carry said agreement into effect he, together with the other defendants, signed an application with the Probate Court signifying their consent to the closing of the estate and the distribution of the assets to their said mother, Lena M. Bruckmann. Plaintiff states that the signing of said application and agreement, filed with the Probate Court, was in reliance upon oral agreement and promise made by defendant, Lena M. Bruckmann, and the other defendants.''

In the final judgment entry, it is recited:

''This cause came on to be heard upon the motion of the defendants for judgment on the pleadings.

''Upon consideration thereof, the court finds that upon the pleadings, stipulation, and argument of counsel, plaintiff and defendants have stipulated that defendants' amended answer shall be considered as filed in answer to plaintiff's amended petition and that plaintiff's reply shall be considered as filed in reply to defendants' amended answer, except that irrespective of the terms of said reply plaintiff does not deny the execution and terms of either the application to transfer stock in kind, consent attached, and entry of the Probate Court of Hamilton County, No. 50769, dated January 12, 1917, a copy of which is set forth as exhibit A of the amended answer, or the written agreement of release dated November 20, 1939, a copy of which is set forth as exhibit B of the amended answer.''

The terms of this stipulation are not otherwise presented to this court either by bill of exceptions or by being included among the original papers. However, the trial court having recited in such final judgment entry the terms of the stipulation, this court is thereby advised of what was before that court and, therefore, what was considered by it.

An examination of the allegations referred to in the stipulation shows that, in effect, the parties to this action agreed among themselves to permit the closing of the estate of the father of plaintiff, and that they intended thereafter to arrange for an extrajudicial administration thereof. This is a fair construction of what is alleged to have occurred, construing the facts involved most favorably to the plaintiff. Such action, in view of the allegations of the pleadings, may not, under such favorable construction, be considered as a permanent and final release executed by the plaintiff. Nor can the allegations applicable to other releases signed by the plaintiff be so considered for the same reason.

Returning to the allegations of the amended petition, it is the contention of the defendants that these allegations state an oral contract within the statute of frauds or an oral contract to make a will. A strict construction of such allegations, favorable to the defendants, might result in sustaining their contention. A liberal construction, favorable to plaintiff, justifies the conclusion that the parties intended to create a trust by which the mother was established as a trustee over certain property held for the ultimate benefit of her children, and that, before or at her death, she was to transfer the corpus of the trust to such children in equal shares. Such a contract is not subject to the statute of frauds. 40 Ohio Jurisprudence, 165, "Trusts," Section 32.

It appears from the allegations of the pleadings that she has chosen to distribute appropriate shares of the corpus of the trust to all her children except the plaintiff.

It is suggested that in doing so she was within the terms of the contract creating the trust. This ignores a favorable construction of the language used in the amended petition, to wit, "she would then, either during the lifetime of said children, or upon her death, make equal distribution among *all* the children." (Emphasis added.)

The mother has chosen to select the first alternative for distribution, to wit, "during the lifetime of said children." In so doing she is bound (again selecting a favorable construction to the plaintiff) to distribute to *all* the children equally.

It must be remembered that this court is here considering purely a question of law raised by the allegations of the pleadings, and that our conclusion thereon can have no bearing on possible further incidents of this litigation. The court is simply construing the legal effect of the allegations now presented to it. Such consideration requires that the judgment of the trial court adverse to the plaintiff be reversed and the cause remanded to that court with instructions to overrule the motion for judgment on the pleadings, and for such further proceedings as may be in conformity to law and equity.

*Judgment reversed.*

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur in the syllabus, opinion, and judgment.