WINTERS, AN INFANT, APPELLANT, *v.* PENCE, APPELLEE.

(No. 1037—Decided September 25, 1953.)

*Mr. G. A. Piacentino,* for appellant.
*Messrs. Moore & Myers,* for appellee.

MIDDLETON, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas.
The action is one for personal injuries received by

the plaintiff while riding a bicycle, in a collision with the defendant who was driving an automobile, at or near the intersection of South State Street and Pleasant Street in the city of Marion, Ohio. The defendant was proceeding southward on South State Street and the plaintiff was traveling eastward on Pleasant Street. The evidence is in dispute as to whether the collision occurred in the intersection or north of the intersection of South State Street and Pleasant Street.

Upon trial, the jury returned a verdict in favor of defendant, and it is from the judgment entered on that verdict that appeal is taken to this court.

Plaintiff sets forth seven assignments of error, as follows:

"A. Error of the court in admitting evidence offered by defendant over objection of the plaintiff.

"B. Error of the court in rejecting evidence offered by the plaintiff.

"C. Error of the trial court in charging the jury before argument as requested by counsel for the defendant over objection by plaintiff.

"D. Error committed by the court in its general charge to the jury to which plaintiff objected.

"E. That the judgment and verdict are not sustained by sufficient evidence; that the same are contrary to and against the weight of the evidence.

"F. In overruling plaintiff's motion for a new trial.

"G. In other rulings of the court as shown by the record."

Under the first assignment of error the plaintiff claims the court erred in the admission of certain photographs allegedly showing the area where the collision occurred.

The record contains ample and credible testimony that the photographs offered in evidence fairly, ac-

curately and correctly represent the area where the cause of action arose. Therefore, the court did not err in admitting the photographs in evidence.

Under this same assignment of error the plaintiff claims the court erred in admitting over his objection evidence pertaining to stop signs erected at streets intersecting with South State Street, other than the Pleasant Street intersection where the collision occurred.

At the time this cause of action arose, Section 6307-63, General Code, read, in part, as follows:

"(a) All state routes and all sections of streets and highways on which are operated street cars, trackless trolleys and other electric cars, or motor coaches for carrying passengers for hire along a fixed or regular route under authority granted by the municipal corporation in which such route lies, are hereby designated as through highways provided that stop signs shall be erected at all intersections with such through highways by the state highway department as to highways under its jurisdiction and by local authorities as to highways under their jurisdiction; provided, however, that where two or more through highways intersect and no traffic control signal is in operation stop signs shall be erected at one or more entrances thereto by the department or local authorities having jurisdiction."

Section 6307-2, General Code, defines "through highways" as follows:

"Every highway or portion thereof at the entrance to which vehicular traffic from intersecting highways is required by law to stop before entering or crossing the same."

The erection of stop signs is a prerequisite to establishing a through highway under the provisions of subdivision (a) of Section 6307-63, General Code.

The words, "provided that stop signs shall be erected at all intersections with such through highways," as used in the first clause in Section 6307-63, General Code, impose a condition which must be met in the establishment of a through highway. *Brown* v. *Franz*, 84 Ohio App., 160, 82 N. E. (2d), 778.

The record discloses that the court admitted evidence over the objection of plaintiff that South State Street is a part of the regular bus route in the city of Marion, Ohio. The court further admitted evidence that Columbia Street, Bain Avenue, Gurley Avenue, St. James Street and, in fact, all streets south of Church Street intersecting South State Street are stop streets as to South State Street.

The admission of such evidence could not do other than confuse the members of the jury and create in their minds the inference that South State Street was a through highway. The admission of such testimony was error and prejudicial to the plaintiff.

The court finds no prejudicial error as set forth under assignments B and C.

Under assignment of error D, the plaintiff claims the court erred in his charge to the jury in giving to the jury the provisions of Section 6307-21, General Code, relating to the speed prima facie lawful on through highways within municipalities and outside the business district.

After charging the jury as to the lawful speed on through highways within a municipality outside the business district, the court charged: "Now the other two speed sections are not applicable."

Thus, charging the jury as to the lawful speed on through highways inferred application of this provision to the case at bar, and that a through highway was involved. This was clearly erroneous and prejudicial to the plaintiff.

The court finds no other prejudicial error referred to under assignment of error D.

There is ample credible evidence to support the verdict. Therefore, assignment of error designated E is without merit.

This court, finding error in the admission of evidence as set forth under plaintiff's assignment of error designated A, and error in the court's charge as set forth under assignment of error D, finds that the trial court erred in overruling plaintiff's motion for a new trial.

An examination of the record setting forth the testimony complained of under assignment G shows that this testimony was offered and received without objection on the part of the plaintiff. Therefore, assignment of error designated G is without merit.

This court finds no prejudicial error in the general charge, as set forth in assignment of error G.

For the errors herein found occurring at the trial, the judgment of the court below is reversed, and this cause is remanded for a new trial and further proceedings according to law.

*Judgment reversed.*

YOUNGER, P. J., and GUERNSEY, J., concur.