FOSDICK, APPELLEE, *v.* CITY OF CINCINNATI ET AL., APPELLANTS.

(No. 7804—Decided December 7, 1953.)

*Mr. Robert Fosdick,* for appellee.
*Mr. Henry M. Bruestle,* city solicitor, and *Miss Isabel Guy,* for appellants.

Ross, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County.

The trial court overruled a demurrer of the defendant to the amended petition.   The defendant city of Cincinnati refused to plead further, and judgment was entered in favor of the plaintiff.

The amended petition is short, and is as follows:

"Plaintiff states that defendant George Guckenberger, auditor of Hamilton County sold him at public auction sale lot 21 Harvey Halls Subdivision for the sum of $30 which plaintiff has paid plus cost of deed and transfer fees.   First tax bill was nearly $50 which included a sidewalk assessment.   Plaintiff claims that said assessment should be stricken from his tax bill and that defendants should be enjoined from collecting it because it was a lien before property was sold and it exceeds the statutory limitation allowed for assessments."

The defendant filed no motion to make this amended petition definite and certain.

Plaintiff relies upon the provisions of Section 5723. 12, Revised Code (Section 5762, General Code). The pertinent part of this section is:

"When a tract of land has been duly forfeited to the state and sold under such sections, the conveyance of such real estate by the auditor shall extinguish all previous title and invest the purchaser with a new and perfect title, free from all liens and encumbrances, except taxes and installments of special assessments and reassessments not due at the time of such sale, and except such easements and covenants running with the land as were created prior to the time the taxes or assessments, for the nonpayment of which the land was forfeited, became due and payable."

The words, "a sidewalk assessment," would, if given a construction favorable to the plaintiff, apply only to an assessment due.

If the defendant desired to know whether installments of an assessment not due were included in the terms used in the amended petition, a proper motion would have resulted in securing an allegation covering this matter.

Section 2309.40, Revised Code (Section 11345, General Code), provides:

"The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties."

In *Parletto* v. *Industrial Commission,* 140 Ohio St., 12, 42 N. E. (2d), 153, in the third and fourth paragraphs of the syllabus, it is stated:

"Section 11345, General Code, requires that the allegations of a pleading shall be liberally construed with a view to substantial justice between the parties.

"For the purpose of testing the legal sufficiency of a pleading, a demurrer admits not only the proper and

well-pleaded factual allegations thereof, but also the fair, reasonable and favorable intendments and inferences arising therefrom * * *." *Guardian Life Ins. Co. of America* v. *Veser,* 128 Ohio St., 200, 190 N. E., 405, is cited in support of the same rule. See, also, *Rice* v. *Campbell,* 71 Ohio App., 477, 483, 50 N. E. (2d), 430; *Union Properties, Inc.,* v. *McHenry,* 72 Ohio App., 102, 104, 44 N. E. (2d), 744; *Hotel Burnet Co.* v. *Union Central Life Ins. Co.,* 72 Ohio App., 453, 457, 52 N. E. (2d), 754.

The demurrer could be sustained only if the terms used in the amended petition applied to installments of assessments not due, as well as those due.

To have these terms so include in their scope installments of assessments not due would be adopting a construction in violation of the statute and authorities noted.

Had the *plaintiff* been relying upon the *exception* applicable to installments not due, it would then have been necessary for him to state facts bringing him within the purview of such exception. Such is not the case. The *defendant* relies upon the exception to the general terms found in the amended petition.

If the defendant wished to have these terms of the amended petition so made to apply to the exception, then, either by motion or answer, such issue should have been presented.

The judgment is affirmed.

*Judgment affirmed.*

Ross and HILDEBRANT, JJ., concur.

MATTHEWS, P. J., dissenting. I find myself unable to concur in the conclusion of my associates.

It is said that plaintiff relies upon Section 5723.12, Revised Code (Section 5762, General Code). At no place in his amended petition does he make the vaguest

reference to that section. He does not allege that the title had been forfeited for nonpayment of taxes. He describes his grantor as auditor of Hamilton County, but does not allege, either expressly or by implication, that he was acting as county auditor in making the sale. He does allege that the first tax bill after he became the owner included a sidewalk assessment and asserts that its collection should be enjoined "because it was a lien before property was sold and it exceeds statutory limitation allowed for assessments." That is the substance of this amended petition.

The fact that the assessment is a lien on real estate certainly furnishes no basis for an injunction against its collection. The only other basis is the general statement that the assessment exceeds the statutory limitation allowed for assessments. No fact is pleaded from which such a conclusion could be drawn. The amount of the assessment is not pleaded. The valuation of the property against which the assessment was levied is not pleaded. No failure to comply with statutory requirements in the manner of making the assessment is pleaded. Can it be said that such a pleading requires an answer from the defendants? Is it sufficient to withstand the assault of a general demurrer?

In the majority opinion it is stated that on a general demurrer the pleader is entitled to a liberal construction of his pleading. Of course that is the rule, but no construction, no matter how liberal, can supply that which is totally absent.

It is said that "sidewalk assessments" as alleged must be construed to mean installments that were due at the time the plaintiff acquired his title. He does not allege that. The reasons he gives are that the assessment is a lien and exceeds statutory limitations. All installments—both due and not due—are liens upon property. Furthermore, we are obliged to guess that the pleader has in mind Section 5723.12, Revised Code,

before this distinction between due and not due assessments presents itself.

In the majority opinion it is said that the defendants are relying upon an exception and that a litigant who so relies must plead and prove it, and that there is no duty on the part of the pleader who relies upon the general rule to negative the exception. No authority is cited for that statement and my investigation convinces me that there is no such rule of pleading, particularly when statutory rights are asserted.

On this subject of pleading statutory exceptions, it is said in 41 American Jurisprudence, 355, Section 94:

"The courts frequently apply the rule that when an exception appears in (or, as it is sometimes expressed, is 'incorporated in' or 'contained in' or 'forms a necessary part of') the enacting clause of a statute, the party relying upon the statute must allege facts showing that the case at hand does not fall within the exception."

An examination of Section 5723.12, Revised Code (Section 5762, General Code), makes it clear that the exception of installments not due is a part of the enacting clause. This whole enactment is in one paragraph. In this connection, I understand "clause" and "paragraph" to be synonymous. It is not a case of an exception engrafted by another statute, or even an exception in another section of the same statute.

For these reasons, I do not believe the rules of pleading relied upon in the majority opinion support the conclusion that this amended petition states a cause of action.

In *King* v. *Cappeller,* 42 Ohio St., 218, the court passed upon the sufficiency of a petition to enjoin the assessment and collection of a tax and the imposition of a lien under the Scott Law. What the court said at pages 221 and 222 concerning that petition is equally applicable to the amended petition in this case:

"Conceding that an auditor may, upon a proper petition, be restrained from placing an illegal assessment upon the special tax list, we cannot say from the vague, indefinite allegations of this petition, that we have any such case before us.

"It is the province of this court to decide *causes*, not abstract questions; and as the whole question here, in this view of the case, is whether the petition shows a case requiring the court to grant equitable relief by way of injunction, we are clear that it is our duty to declare that it presents no such case; for it is not one of defective, but wholly insufficient statement."

*Bolton* v. *City of Cleveland,* 35 Ohio St., 319, involved an action to enjoin an assessment. While there are many points of dissimilarity between that case and the case at bar, I think the following statement found on page 321 is pertinent: "There should have been some allegation bringing the case within the operation of the statute, if the plaintiff claimed the benefit of its provisions."

For these reasons, in my opinion, the judgment should be reversed and the cause remanded for further proceedings according to law.