KNOTT, APPELLANT, *v.* THE TOLEDO EDISON CO., APPELLEE.

(No. 810—Decided June 18, 1956.)

Messrs. Bowman, Hanna & Middleton, Mr. Virgil E. Clark and Mr. James J. Shemas, for appellant.

Messrs. Fuller, Harrington, Seney & Henry and Mr. William L. Kreutz, for appellee.

CONN, J. The trial court sustained the demurrer of defendant to plaintiff's amended petition on the ground that on its face it fails to state facts sufficient to constitute a cause of action. From the judgment of the trial court sustaining the defendant's demurrer and dismissing plaintiff's amended petition, plaintiff appeals on questions of law and assigns as error that the judgment of the trial court is contrary to law.

So far as material here, it is alleged that defendant is an Ohio corporation and has lines for transmission of electrical energy crossing Wood County, Ohio, and that on September 1, 1953, defendant removed one of its poles which had been standing on the farm of George Gurtzweiler and left it on the farm in a patch of grass and weeds bordering the apple orchard located thereon.

Plaintiff further says that she is a minor, ten years of age, and "that on or about October 4, 1953, while walking through the apple orchard on said farm of her grandfather, George Gurtzweiler, she stumbled over the aforementioned electric utility pole, which was covered with a heavy coat of creosote grease and overgrown with grass and weeds, and fell across a wooden cross-arm appendage of said electric utility pole lying nearby, striking and breaking her right arm then and there."

Plaintiff further avers that her injuries were the direct and proximate result of the negligence of defendant, as specifically alleged, and that defendant had sole control of the placement of the electric utility pole and cross-arm by reason of a certain easement over the farm for the transmission of electric energy; and she prays for judgment against defendant.

In the instant case, defendant's demurrer challenges the sufficiency of plaintiff's amended petition. The Revised Code (Section 2309.08) contains ten separate specifications when "defendant may demur to the petition only when it appears on its face that:

"* * *

"(J) The petition does not state facts which show a cause of action."

When a demurrer is filed to a pleading, it admits the truth of each and every averment therein well pleaded and, also, the truth of what may be reasonably inferred from those allegations.

In *Guardian Life Ins. Co. of America* v. *Veser,* 128 Ohio St., 200, 190 N. E., 405, the rule now under consideration is stated in the first paragraph of the syllabus as follows:

"For the purpose of testing the legal sufficiency of a pleading, a demurrer admits not only the proper and well-pleaded factual allegations thereof, but also the fair, reasonable and favorable intendments and inferences arising therefrom."

See, also, *Humphries* v. *Wheeling Steel Corp.,* 132 Ohio St., 263, 7 N. E. (2d), 230; *Parletto* v. *Industrial Commission,* 140 Ohio St., 12, 42 N. E. (2d), 153; *Gugle* v. *Loeser,* 143 Ohio St., 362, 55 N. E. (2d), 580; *Fosdick* v. *City of Cincinnati,* 97 Ohio App., 120, 123 N. E. (2d), 748; 31 Ohio Jurisprudence, 700, Section 142.

Where a pleading is attacked by demurrer on the ground of its insufficiency to state a cause of action, it is the duty of the court to construe such pleading liberally in favor of the pleader.

*Glass* v. *McCullough Transfer Co.,* 159 Ohio St., 505, 112 N. E. (2d), 823; *Fulton, Supt.,* v. *Ferguson,* 44 Ohio App., 365, 185 N. E., 887; 31 Ohio Jurisprudence, 583, Section 49.

It is well settled that where the facts in a pleading are not set forth with sufficient definiteness and certainty, or are otherwise defectively stated, and where such defect does not amount to an omission, a demurrer is not a proper method of attack. We call attention to the statement of the rule as found in 31 Ohio Jurisprudence, 667, Section 105:

"Since it is a principle of the Ohio Code practice that a demurrer goes to the substance and not to the form of a pleading; if a pleading, liberally construed, sets out a sufficient cause of action or defense, though it may be defectively stated, a demurrer to it will not lie."

We call attention also to the rule that when a pleading is susceptible of two constructions, the court should accept and adopt the construction that is most favorable to the pleader.

See: 31 Ohio Jurisprudence, 563, Section 49; *Bruckmann* v. *Bruckmann*, 90 Ohio App., 128, 104 N. E. (2d), 79, appeal dismissed, 156 Ohio St., 384, 102 N. E. (2d), 596.

In the instant case, plaintiff alleges that she was on the real property of her grandfather when she was injured by the negligence of defendant, which negligence was specifically set forth in her petition. The relationship of the plaintiff to the owner of the land upon which she was walking and where she sustained her injury affords a basis for a reasonable inference that plaintiff, at that time and place, was an invitee of her grandfather.

It appears to be well established that an owner or occupier of land owes a duty to exercise ordinary care for the safety of an invitee. 29 Ohio Jurisprudence, 465, Section 61.

Whether defendant owed a duty to exercise ordinary care towards plaintiff and, if so, that plaintiff had sustained an injury as the direct and proximate result of defendant's failure to observe such duty, as alleged in plaintiff's amended petition, appear to be fact issues for the jury.

The reported cases illustrate the application of this principle under varying fact situations. By way of illustration, we cite:

*Harriman* v. *Railway Co.*, 45 Ohio St., 11, 12 N. E., 451, 4 Am. St. Rep., 507; *Gedron, Admr.*, v. *East Ohio Gas Co.*, 128 Ohio St., 335, 190 N. E., 924; *Englehardt, a Minor*, v. *Phillips*, 136 Ohio St., 73, 23 N. E. (2d), 829; *Mudrich, a Minor*, v. *Standard Oil Co.*, 153 Ohio St., 31, 90 N. E. (2d), 859; *Merriam, a Minor*, v. *Bonded Oil Co.*, 76 Ohio App., 435, 65 N. E. (2d), 74.

This court is of the opinion that the trial court erred in sustaining defendant's demurrer and dismissing plaintiff's petition, and its judgment is, therefore, reversed, and the cause is remanded for further proceedings.

*Judgment reversed and cause remanded.*

Deeds and Fess, JJ., concur.