HOGAN, APPELLANT, *v.* FINCH, APPELLEE.

(No. 1006—Decided December 8, 1963.)

*Messrs. Meyers & McCown,* for appellant.
*Messrs. Andrews, Byrne, Edwards & Klein,* for appellee.

BROWN, J. The Common Pleas Court of Lawrence County, Ohio, sustained a demurrer to the amended petition of plaintiff on the ground that plaintiff failed to state a cause of action. In the petition, the plaintiff failed to allege willful or wanton misconduct on the part of the defendant. The court was of the opinion that plaintiff was a guest under the provisions of the Ohio Guest Statute, Section 4515.02 of the Revised Code, and therefore had failed to state a cause of action. Plaintiff indicated her intention not to plead further, and the court, by entry on March 6, 1963, dismissed the petition, as a result of which this appeal was undertaken.

Plaintiff, appellant herein, sets forth four assignments of error.

1. The court erred in sustaining defendant's demurrer to plaintiff's petition.

2. The court erred in overruling plaintiff's motion for rehearing and sustaining the demurrer to the petition.

3. The court erred in sustaining the defendant's demurrer to plaintiff's amended petition.

4. The court erred in dismissing plaintiff's petition.

All these assignments resolve themselves in whether the court erred in holding as a matter of law that plaintiff was a guest under Section 4515.02 of the Revised Code and sustaining a demurrer to the petition.

The following facts relative to the status of the plaintiff as a passenger or as a guest in the car were alleged:

"Plaintiff says that on May 29, 1960, she was at Riverside Swimming Club at Chesapeake, Lawrence County, Ohio, with her sister; that when her sister was ready to leave, defendant requested said plaintiff to watch and play with his ten year old brother and relieve defendant of this duty until said defendant was ready to leave and that at such time he would bring the plaintiff home and that by reason of such request, said plaintiff did accept said offer and did remain to watch and play with defendant's brother and to be brought home by defendant in his car."

The petition then went on to allege simple negligence and injury to plaintiff on the trip home.

Section 4515.02 of the Revised Code provides:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle."

General authority preponderantly favors the state of facts as set forth in the petition as being outside the Ohio Guest Statute. In a ruling on the demurrer the facts alleged should be construed favorably to the pleader.

The Ohio Supreme Court, in the case of *Guardian Life Ins. Co. of America* v. *Veser*, 128 Ohio St. 200, held:

"For the purpose of testing the legal sufficiency of a plead-

ing, a demurrer admits not only the proper and well-pleaded factual allegations thereof, but also the fair, reasonable and favorable intendments and inferences arising therefrom.''

Even in *Hasbrook* v. *Wingate*, 152 Ohio St. 50, relied upon by the defendant, the third paragraph of the syllabus reads as follows:

''3. Where, in the carrying of a rider, a motor vehicle's direct operation tends to promote the mutual interests of both the rider and driver, thus creating a joint business relationship between them, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a 'passenger' and not a 'guest'; but if the carriage confers a benefit only on the rider and no benefit other than such as is incidental to hospitality, good will or the like is conferred on the driver, the rider is a 'guest.' ''

The question of who is a guest within these statutes has bred confusion and conflict. Yet some propositions command wide support. All agree that the occupant is a guest where he obtains the benefits of the ride and his presence confers none upon the host except the satisfactions of hospitality and social relationships. On the other side, the passenger who pays money as a fare (and not by way of reciprocating hospitality) is clearly not a guest. Further, there is general agreement that there need be no direct payment of money or money's worth to take the occupant out of the guest class. It is enough that the ride is intended to further the business interests of the driver or owner, as where he is a salesman and the occupant a customer or prospective customer and where the trip pertains to the subject of the hoped-for sale. Moreover, the occupant is not a guest where the purpose of the trip is to further mutual business interests of both host and occupant. 2 The Law of Torts, Fowler & Harper, 958.

It is not necessary, in order to supply the ''payment,'' ''compensation,'' or ''hire'' required by the various guest statutes to entitle an occupant of a motor vehicle to the status of a passenger rather than a guest, that the operator of the vehicle receive actual cash in return for the transportation

supplied, and services rendered by the occupant, if regarded by the parties as consideration inducing the proffer of carriage, may be sufficient. 8 American Jurisprudence 2d 45.

If the carriage of a person in a motor vehicle tends to promote the mutual business or commercial interests of the person carried and the driver, the former is not a guest within the meaning of guest statutes. If the relationship between the parties is one of business and the transportation is supplied in the pursuit thereof for their mutual benefit, payment or compensation has been given and the person carried is a passenger and not a guest. 8 American Jurisprudence 2d 49.

It is fundamental that the so-called "guest statute" is in derogation of common law and is to be strictly construed. It excludes those who ride with the driver for a common purpose other than pleasure, or primarily as a favor to a host in other than a business way, or pursuant to any prearrangement for mutual undertaking of the hardship of the trip.

Here it is obvious from the facts alleged that the plaintiff suffered a detriment and the defendant received a benefit. A contractual arrangement thus resulted which stated a cause of action to which Section 4515.02 of the Revised Code did not apply. What the eventual proof will disclose is beyond the scope of this procedural dismissal.

Accordingly, the entry of dismissal of the Common Pleas Court of Lawrence County is set aside, the judgment is reversed, and this cause is remanded for further proceedings according to law.

*Judgment reversed.*

COLLIER, P. J., and CARLISLE, J., concur.