Tracy, Appellant, *v.* Raup, Appellee.

[Cite as Tracy v. Raup, 9 Ohio App. 2d 295.]

(No. 172—Decided January 13, 1967.)

*Mr. William E. Shirk* and *Mr. John B. Kelly*, for appellant.
*Mr. Karl E. Paulig* for appellee.

CRAWFORD, J. The Court of Common Pleas, after sustaining defendant-appellee's motion for judgment on the pleadings, overruled plaintiff-appellant's motions for a new trial and for separate findings of law and fact. Plaintiff appeals on questions of law from these rulings.

The motion for separate findings of law and fact was properly overruled. Such a motion is appropriate only when the questions of fact are tried by the court. Section 2315.22, Revised Code. This case not yet having reached the trial stage, such a motion is premature.

The subject of damages is not involved in this appeal. Omitting the references to that subject, and the prayers, the brief pleadings read as follows:

Petition

"1. For his cause of action, plaintiff states that Route 245 is a duly dedicated state highway running in an easterly-westerly direction through Logan and Champaign Counties; that Couchman Road is a county road running in a general northerly-southerly direction, approximately one mile west of West Liberty, Ohio; that said Couchman Road, an intersecting highway, intersects with State Route 245, a through highway, at an aproximate 90° angle on the county line dividing Logan and Champaign Counties; that the said Couchman Road runs through both Champaign and Logan Counties.

"2. Plaintiff states that a stop sign had been erected on the northeast [northwest?] corner of such intersection requiring traffic, traveling south on Couchman Road and approaching the intersection at State Route 245, to stop at said intersection. However, for reasons unknown to this plaintiff, said stop sign had been removed from the sign post prior to and at the time of the accident, hereinafter described.

"3. Plaintiff states further that on or about the 15th day of September, 1962, at approximately 10:05 a. m., the plaintiff was driving a 1957 Chevrolet in a westerly direction on Highway 245 approaching said intersection with Couchman Road; that defendant, Jessie Raup, was driving a 1950 Buick Sedan in a southerly direction on said Couchman Road approaching said intersection with State Route 245; that defendant noticed plaintiff approaching said intersection and operated her Buick into the intersection of State Route 245 and against the vehicle

operated by the plaintiff herein, causing damages to the plaintiff as more specifically hereinafter set forth.''

Answer

''For her answer to plaintiff's amended petition, defendant says that she was driving an automobile south on Couchman Road, and that as she approached the intersection, plaintiff, who was driving a car in a westerly direction on Highway 245 approaching the intersection, saw the defendant's car as she approached and entered the intersection. Defendant's vehicle was within the intersection and was struck by plaintiff's automobile. Both Highway 245 and Couchman Road were black topped roads, and no stop sign was located at the intersection for south bound traffic on Couchman Road when the events which are the subject of this lawsuit occurred.

''Further answering, defendant denies the material allegations contained in plaintiff's amended petition not otherwise admitted to be true.''

Plaintiff filed no reply, stating in his brief that he concedes the truth of the allegations contained in the answer.

These pleadings leave us with an unanswered riddle as to the existence and disappearance of the stop sign: whether it was erected by proper authority so as to constitute State Route 245 a through highway, and by what authority it was removed.

Plaintiff is entitled to every reasonable construction of the pleadings in his favor as against a motion for judgment on the pleadings. 43 Ohio Jurisprudence 2d 278, Pleadings, Section 263; *Williams* v. *Village of Deer Park* (1946), 78 Ohio App. 231; *Bruckmann* v. *Bruckmann* (1951), 90 Ohio App. 128.

At this stage of the proceedings, therefore, we must suppose that the stop sign had been erected by proper authority so that State Route 245 became a through highway. Section 4511.65, Revised Code. *Brown* v. *Franz* (1948), 84 Ohio App. 160, and *Winters* v. *Pence* (1953), 97 Ohio App. 59.

The statute is silent as to whether the appropriate authority which erects a stop sign may subsequently remove it and thus withdraw the preferential status of the through highway. However, the only reasonable interpretation would appear to be that the power to decree implies the power to repeal, and that the appropriate authority has continuing control.

The petition says that ''for reasons unknown to this plain-

tiff, said stop sign had been removed from the sign post prior to and at the time of the accident," thus implying that the post is still standing. The answer does not deny that the sign had been erected, nor does it allege that it was removed by proper authority, but simply states that "no stop sign was located at the intersection for south bound traffic on Couchman Road when the events which are the subject of this lawsuit occurred." Defendant in her brief states the likelihood that the stop sign had been erected at some time prior to the accident, but that no sign was present at the time.

Again applying the rule of reasonable construction of the pleadings in favor of the party against whom the motion for judgment on the pleadings is made, we must suppose that the sign was not removed by proper authority.

The facts regarding the erection and removal of the stop sign will, when determined, have a vital bearing upon the applicability of the various arguments advanced as to the negligence or freedom from negligence of the respective parties under the statutes.

Furthermore, the supposed existence and subsequent disappearance of the sign, whether with or without lawful authority, would have a bearing upon the question of ordinary care. *Sams* v. *Lyons* (1956), 76 Ohio Law Abs. 293.

" * * * Courts should exercise great caution in rendering judgment upon the pleadings and opening statement of counsel, and the granting of a motion for such a judgment will be upheld only where it is clear that all facts stated and expected to be proved do not constitute a cause of action, the governing principles being the same as where the defendant moves for a directed verdict at the close of plaintiff's evidence, or as upon a general demurrer." 43 Ohio Jurisprudence 2d 277, Pleading Section 263.

Likewise, upon review, we must proceed with similar caution.

The judgment appealed from will be, and hereby is, reversed and the cause remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

Sherer, P. J., and Kerns, J., concur.