H. R. Johnson Construction Co. v. Board of Education of Painesville Township Local School District et al.

(No. 49096—Decided September 21, 1968.)

Common Pleas Court of Lake County.

*Mr. Reynold L. Kenen* and *Messrs. Kenen & Snider*, for plaintiff.

*Mr. Paul H. Mitrovich*, for the school board.

*Mr. Robert W. Sweet* and *Messrs. Sweet & Pollock*, for defendant Lunka Construction Co.

SIMMONS, J. This case comes before the court for decision on defendants' motion to dismiss the petition, the pleadings, stipulation of facts and other evidence at trial.

After considering these, written briefs and the law, I rule as follows:

(1) Plaintiff has standing to challenge the contract award to Lunka and its petition states a cause of action. The motion is overruled.

(2) The contract between the board and Lunka is illegal and void. Defendants are permanently enjoined against further performing it.

(3) Plaintiff's prayer that the board be ordered to award a contract to it for construction of the school is denied. The status of the contract award procedure reverts to what it was on July 23, 1968, after all bids were opened

but before the contract was awarded. The board now has the option either to award the contract to the lowest responsible bidder, excluding Lunka, or to reject all bids and invite new ones.

Judgment is awarded plaintiff to the extent stated. Exceptions are noted for all parties and costs are divided equally between the defendants.

It Is So Ordered.

Johnson has lost the contract for a $600,000.00 plus job and, if the Lunka contract is set aside, as I now do, plaintiff gains the right to be considered by the board as the winning bidder.

Surely the action of the board has dealt an irreparable injury to a real and not illusory right of plaintiff for which it has no remedy at law. The injunction it seeks is an appropriate remedy for repairing the injury. 29 Ohio Jurisprudence 2d, Injunction, Section 155, 318 e. s.; *City of Akron* v. *France*, 4 C. C. N. S. 496; *State, ex rel. Nevins,* v. *Commissioners,* 18 Ohio St. 386; *Rice* v. *Campbell,* 71 Ohio App. 477; see *Wayman* v. *Board of Education,* 5 Ohio St. 2d 248, holding a private person may enjoin a board of education against nuisance.

Beyond this, plaintiff has a right to bring this action because nobody else does have the right. And for the law to provide no remedy to redress an illegal official act is the very antithesis of law.

Defendants say that plaintiff has no standing because it is not a taxpayer and only a taxpayer can seek to enjoin a public body. Apart from the doubtful validity of this claim (see *State, ex rel. Pressly,* v. *Industrial Commission,* 11 Ohio St. 2d. 141), it is clear that a taxpayer could not bring this suit for the reason that since the contract was awarded to the lowest bidder he could demonstrate no injury whatever. *Saunders* v. *Board of Education,* 42 Ohio Law Abs. 172.

The principal issue presented here is whether the Lunka bid was filed late with the board and, if so, what effect this has on its contract.

The evidence clearly demonstrates that the bid was filed late, at 12:01 on July 23, 1968. Of heavy weight in

concluding this is the fact that the officials involved in the bid opening event believed it was late. (Testimony of Dela Motte and Ives, plaintiff's exhibits 1 and 9.) Lunka's bid was marked "Rec'd. 12:01," sometime after its president handed it to the office receptionist and she handed it to Ives. The inescapable inference is that the receptionist marked it so immediately upon it being given her. Her duty was to receive the bids and deliver them to Ives. She was aware of the deadline, the fact that Mr. Ives had taken all the other bids into the meeting room and that they would be opened and read momentarily. A clock on the wall of her office gave her instant access to the time.

There is evidence that the building clocks might not have been accurate. But for the purpose of this decision no comparisons with Greenwich nor the Naval Observatory are necessary. It is sufficient that the controlling time is the time in the office of the clerk of the board where the bids must be submitted. And according to this time the Lunka bid was late.

The argument is made that even if the bid was one minute late this deviation is so minor that it should be disregarded out of consideration for the larger interests of the school population and the community. But it cannot be disregarded. The language of Section 3313.46, Revised Code, is clear and unequivocal.

"* * * sealed bids must be filed with the clerk by twelve noon of the last day * * *."

A court has a duty to adhere to a statute as it is written and enforce its literal terms. Where the language is clear it may not be interpreted. It must be enforced. 50 Ohio Jurisprudence 2d, Statutes, Section 165, 132, e. s.; Humphreys v. State, 70 Ohio St. 67.

So where a statute provides that an act must be performed by a specific time, a court may not, no matter how desirable it may be in a given situation, declare that the statute really means "at or near" the time. Where the language is free of ambiguity there is no judicial latitude whatsoever. 14 OLR 531, Re: Kinnane Co.

But it is said that the board has discretion to waive the noon requirement and did so in this case; that the ex-

ercise of this discretion should not be upset without evidence of fraud or collusion, I cannot agree. There is no evidence of fraud or collusion here. But a school board has no discretion to waive a statutory command. The procedures set forth in this statute must be followed for a contract to be valid. Its provisions are mandatory upon the board. 48 Ohio Jurisprudence 2d, Schools, Section 205, 103, e. s.; *Board of Education* v. *Mills*, 38 Ohio St. 383; Ohio Attorney General Opinion 1965-223; *State, ex rel. Mathis*, v. *Board of Education of Cincinnati*, 6 C. C. N. S. 345; *State, ex rel. Ross*, v. *Board of Education*, 42 Ohio St. 374.

Cases defendants cite on the subject of discretion do not involve a violation of a specific code requirement as here. There is no doubting that a school board has wide discretion in certain areas, *e. g.*, to decide whether, where and when to build a school, and no court may interfere with its proper exercise. But had the Legislature intended to vest a board with discretion to accept bids after 12:00 o'clock it could easily have said so.

I deny, as some will, that the effect of this ruling is to administer justice by barren technicality. There is sound reason for adhering strictly to the deadline. The evidence demonstrates the advantage to a bidder who submits a bid even a few minutes late. He can wait later than his competitors to assemble his bid and benefit from last minute price "shopping." To allow a waiver of a deadline would certainly prejudice the rights of other bidders.

More than this, it would ultimately injure the taxpaying community by destroying competitive bidding altogether. If this board has discretion to allow a one minute deviation, then all boards have discretion to allow a 15 minute or even an hour deviation. And if they have discretion on the subject then they are free to exercise it or not as they choose. The question then arising is what responsible contractors will spend the time and money preparing and submitting bids knowing that a board is free to accept a late bid; knowing also that it is likely to be the lowest bid by virtue of its very lateness?

I suppose only those contractors who are friendly

with the boards and have some confidence that the deadline will be waived in their cases.

Or, perhaps even more likely, if this court declares that a bid deadline may be disregarded, what contractor will risk submitting his bid on time knowing that others can undercut him by waiting longer? The result of this will be that all bids will be late and thus the effect will be not merely to modify the statutory requirement by judicial fiat but to rescind it altogether.

I am satisfied, then, that the rule must be, dictated both by law and reason, that a board may not entertain a bid which is late, no matter how slight the deviation.

Plaintiff argues that if the Lunka contract is set aside the board must be ordered to contract with it. I cannot agree. This court could do so only if a clear, legal duty rested upon the board to award the contract to plaintiff. No such duty exists. Section 3313.46 vests the board with discretion to contract with the lowest responsible bidder or to reject all bids.

While it now must choose one alternative its choice cannot be dictated by me. *State* v. *Commissioners of Printing*, 18 Ohio St. 386; *Brannon* v. *Board of Education*, 99 Ohio St. 369; *State, ex rel. Bryce,* v. *Board of Education of Toledo*, 14 C. C. N. S. 15.

It is entirely conceivable, but not inevitable, that the effect of this decision may be to delay completion of the school and increase its price. This prospect could and should have been avoided by barring the Lunka bid on July 23. As the situation now stands the board must decide for itself whether there is a price advantage in rejecting all bids and inviting new ones which compensates the delay such choice may make. I offer no opinion whether a new advertisement would be necessary, leaving that responsibility to counsel for the board in the light of a consideration of Section 3313.46, Revised Code, "except in cases of urgent necessity," etc. and *Bolce* v. *Board of Education*, 4 O. O. 423; *Saunders* v. *Board of Education*, 42 Ohio Law Abs. 172,