**PHC, INC., Construction Management and Engineering Services, Appellant,**

v.

**VILLAGE OF KELLEYS ISLAND et al., Appellees.**

[Cite as *PHC, Inc. v. Kelleys Island* (1991), 71 Ohio App.3d 277.]

Court of Appeals of Ohio,
Erie County.

E–89–52.

Decided March 15, 1991.

*Jack Zouhary,* for appellant..

*M.L. McDermond, Jr.,* for appellee village of Kelleys Island.

*Gary A. Piper* and *James Alan Smith,* for appellee Underground Utilities, Inc.

_____

*Per Curiam.*

This case is an appeal from a judgment of the Erie County Court of Common Pleas denying a request for a permanent injunction sought by appellant, PHC, Inc. PHC sought to permanently enjoin appellee village of Kelleys Island (the "village") from awarding a construction contract to appellee Underground Utilities, Inc. PHC sought the injunction on the ground that Underground Utilities submitted its bid for the construction contract beyond the deadlines set by the village. However, upon review of the record we find Underground Utilities' bid was submitted in a timely manner and therefore affirm the trial court.

The facts of this case are as follows. In July 1989, the village's board of public affairs sought construction bids for a water line project through a newspaper advertisement. The advertisement stated that bids "will be received by the Village of Kelley's Island at the office of the Village Hall until Noon, July 25, 1989, and then at said office publicly opened and read aloud."

On the morning of July 25, 1989, village officials were gathered at a building located on Addison Street (the "Addison Street building") which housed the village offices. PHC submitted a timely bid to the village officials. However, officials became concerned that other potential bidders may have gone to a building located on Division Street (the "Division Street building"), the former location of the village offices. Claude Smith, a village official, drove to the Division Street building and found several potential bidders waiting there, including John Haggerman, the Underground Utilities' representative. Smith explained that bids were being accepted at the Addison Street building and drove Haggerman to that location.

Lou Gigliotti, the president of the board of public affairs, was present at the Addison Street building in order to conduct the meeting where bids were to be accepted and opened. Gigliotti testified that according to the clock on the wall of the Addison Street building, Underground Utilities' bid was submitted seconds after 12:00 noon but before 12:01 p.m. However, Gigliotti also testified that the clock on the wall of the Addison Street building was usually two or three minutes fast and that according to her watch Underground Utilities' bid was submitted before noon. Several other witnesses gave

contradictory testimony as to the time shown, on either the wall clock of the Addison Street building or on the witnesses' own wristwatches, as to when Underground Utilities actually submitted its bid. Shortly after Underground Utilities' bid was received all the submitted bids were unsealed with Underground Utilities having submitted the lowest bid.

On August 7, 1989, PHC filed its complaint seeking to enjoin the village from awarding the construction contract to Underground Utilities. On September 26, 1989, following a hearing, the trial court denied PHC's request for injunctive relief.

It is from such judgment that PHC raises the following sole assignment of error:

"PHC is entitled to an injunction prohibiting the village from awarding the contract to Underground Utilities whose bid was untimely."

■ One of the arguments raised in support of PHC's assignment of error is that the time displayed on the wall clock of the Addison Street building, whether accurate or not, determined the time at which bids were submitted. We disagree.

R.C. 1.04 provides that the standard time governing the time for performance of statutorily authorized acts shall be "the mean astronomical time of the seventy-fifth degree of longitude west from Greenwich." R.C. 1.04 further provides that "[a]ll clocks maintained in or upon public buildings * * * shall be set and run according to this section."

■ We conclude from our reading of R.C. 1.04 that there exists a presumption that clocks in public buildings reflect the accurate time as required by statute. However, this court is also aware that timekeeping devices in public buildings often do not reflect the time accurately. Therefore, the presumption created under R.C. 1.04 as to the accuracy of clocks in public buildings is rebuttable. The accuracy of a public building's clock, along with the ultimate determination as to what time a given act is done, must be left to the trier of fact.[1]

It is well-settled law that issues of fact are to be left for determination by the trier of fact and are to be given the presumption of correctness upon review. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276. An appellate court may not "substitute

---

1. We disagree with the decision in *Johnson Constr. Co. v. Bd. of Edn.* (1968), 16 Ohio Misc. 99, 102, 45 O.O.2d 80, 81–82, 241 N.E.2d 403, 405, where the court held the time displayed by the clock in the public office where bids are to be submitted controls regardless of the clock's accuracy. If the clock displayed erroneous time of an hour, as often is the case each spring and fall, such displayed time would obviously not control.

its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." *Id.*

In the present case, there was testimony that the wall clock at the Addison Street building showed a time only seconds after 12:00 noon when Underground Utilities submitted its bid. However, there was also testimony that the wall clock was two to three minutes fast and that Underground Utilities' bid was timely submitted. We find such testimony competent, credible evidence supporting the trial court's determination that Underground Utilities' bid was timely submitted. Accordingly, PHC's sole assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER and ABOOD, JJ., concur.